CHARLES ROSENBERG, Appellant, *v.* JONAS SALOMON et al., Impleaded, etc., Respondents.

Where a third person claiming title to property levied upon by a sheriff by virtue of an execution, has brought replevin against the sheriff to recover the property, the judgment debtor has an interest in the subject of the action, and the court has power, under the provisions of the Code of Civil Procedure (§ 452), in reference to bringing in other parties, to grant an order upon his application allowing him to come in and defend.

While so much of said provision as is a re-enactment of the provisions of the Code of Procedure on that subject (§ 122) applies only to equity actions, the added provision, which in terms allows persons not made parties, having an interest in the subject of an action, on their own application, to come in and defend, is not so limited.

It operates, however, only where persons not sued make the application in their own behalf, and does not apply to a motion to compel the plaintiff to bring in other parties.

*Chapman* v. *Forbes* (123 N. Y. 532), distinguished.

(Argued November 26, 1894; decided December 4, 1894.)

APPEAL from order of the General Term of the City Court of Brooklyn, made June 6, 1894, which affirmed an order of Special Term which granted a motion by Emanuel Wolf and Jonas Salomon to be made parties defendant in this action.

This action was brought against the sheriff of Kings county to recover possession of certain chattels levied on by him under an execution against Jonas Salomon and Emanuel Wolf. They were not made parties, and now apply for leave to intervene as parties defendant.

Further facts are stated in the opinion.

*A. H. Berrick* for appellant. There is no principle in law or practice that warrants the intervention as parties in this action of Wolf and Salomon, who are neither indemnitors nor interpleaders, nor substituted in the place of the original defendant. (Code Civ. Pro. §§ 820, 1421, 1703, 1705, 1709, 1710.) Each party must plead or defend his own case, and no pleading or defense can be interposed by one party for the

benefit of another. (*Little* v. *Sayre,* 7 Hun, 485.) An action of replevin lies only against a party having possession of the property. The only exception is where the defendant had it and has wrongfully disposed of it. Wolf and Salomon could properly demur as no case can be made out against them in this action. (Code Civ. Pro. §§ 1695, 1700; *Wheeler* v. *Allen,* 51 N. Y. 37; *Christman* v. *Thatcher,* 48 Hun, 446.) A person bringing a legal action cannot be compelled to sue any person except such as he may elect to sue. (Code Civ. Pro. §§ 1690, 3343; *Chapman* v. *Forbes,* 123 N. Y. 538; *Bradt* v. *Church,* 110 id. 537.) There was no inherent power in the court to make the order in this action. (*Lawton* v. *Lawton,* 27 N. Y. S. R. 302.)

*Ira Leo Bamberger* for respondents. The order resting in discretion, is not appealable to this court. (*Ithaca, etc.,* v. *Treman,* 93 N. Y. 660; *White, etc.,* v. *Farthing,* 101 id. 346.) Under sections 447 and 452 of the Code of Civil Procedure the order was properly made. (*Rosenberg* v. *Flack,* 10 N. Y. Supp. 759.)

*Per Curiam.* We agree with the General Term in its affirmance of the order granting the application of Solomon & Wolf to intervene as parties defendant: although we put our concurrence not upon the ground of an inherent power in the court, but upon the express permission of section 452 of the Code. So much of that section as is a literal re-enactment of the old section 122 applies only to equitable actions. We so held in *Chapman* v. *Forbes* (123 N. Y. 532), but did not extend that construction to the new and added provision of section 452, which in terms permits persons not made defendants on their own application to come in and defend when they have an interest in the subject of the action the title to which may be affected by the judgment. On the contrary, we cited the case of *People* v. *Albany & Vermont R. R. Co.* (77 N. Y. 232), which was a legal action in the nature of a quo warranto to forfeit a corporate charter, and which did not hesi-

tate to apply the new provision of section 452. We met that by showing that it operated only where persons not sued made the application in their own behalf, and not to a motion to compel the plaintiff to bring in other parties, which was the question then at issue. Here the plaintiff has brought replevin against the sheriff. The latter took the property by virtue of an execution against Salomon & Wolf, and can defend only upon their title. The plaintiff claims that the levy was upon his property and must show title as against that of the judgment debtors. They have an interest in the subject of the action, first, to have their property go in discharge of their own debt, and next to save and retain any possible surplus beyond, and it is their title which is involved.

We think, therefore, that the power to make this order was given by the Code, and it should be affirmed, with costs.

All concur.

Order affirmed.