the home office from the agent Harmon at Oswego, which the cashier, in his testimony, characterizes as interest; but no authority is shown to have been given by the plaintiff, or even by Mr. Rowe, to the agent, to pay any money as interest to the company. And, there being no competent evidence of the existence of any indebtedness to the company prior to the year 1875, consequently all those sums thus designated, commencing with that year, and continuing each year until December 23, 1882, inclusive, must be credited to Mrs. Rowe on her indebtedness for the half annual premiums left unpaid. The plaintiff is also indebted to the company for the amount of the whole premiums which became due each year since December 23, 1883, until December 23, 1892, inclusive, less the dividends which would have accrued each year, as shown by the defendant's expert testimony, had the premiums been paid when due. The plaintiff is therefore entitled to judgment against the defendant for $2,000 and interest up to the date of the entry of judgment, less said indebtedness, with interest to the same date on each of the aforesaid yearly balances of said indebtedness, to be struck as above directed, with costs. Findings may be prepared accordingly.

---

(4 App. Div. 52.)

MERCHANTS' NAT. BANK OF NORWICH v. HAGEMEYER et al.

(Supreme Court, Appellate Division, First Department. April 17, 1896.)

1. PARTIES—INTERVENTION—INTEREST IN SUBJECT OF ACTION.

The word "title," as used in Code Civ. Proc. § 452, providing that a person not a party to the action, who is interested "in the subject thereof, or any real property, the title of which may in any manner be affected by the judgment," must, on his application, be made a party, refers to the title to real estate, leaving the right to intervene in actions not involving real estate dependent merely on interest in the subject of the action.

2. SAME—RIGHT OF ASSIGNEE FOR CREDITORS.

Since a judgment on a note, against the maker thereof, is the ultimate measure of the holder's right to share in the maker's estate after a general assignment, the maker's general assignee is "interested in the subject" of an action on the note, within Code Civ. Proc. § 452, providing that a person interested in the subject of action must, on his application, be made a party.

3. SAME—RES JUDICATA.

A judgment on a note, against the maker thereof, is conclusive against a general assignee for creditors of the maker, as establishing both the relation of debtor and creditor, and as fixing the amount of the debt. Candee v. Lord, 2 N. Y. 269, followed.

Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by the Merchants' National Bank of Norwich, Conn., against George Hagemeyer & Son, and another, on a promissory note. From an order making an assignee for creditors of defendants Hagemeyer a defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. J. Taylor, for appellant.

W. C. Beecher, for respondent.

PATTERSON, J. This is an appeal from an order made at the special term, by which the assignee for the benefit of creditors of the defendants Hagemeyer was permitted, on his own petition, to be made a defendant, and directing an amendment of the summons and complaint by including such assignee as a defendant on the record. The action is upon a promissory note made by the defendants Hagemeyer, as partners, under their firm name of George Hagemeyer & Son, and against Chew, an indorser. The note is dated in November, 1894. On March 19, 1895, Hagemeyer made an assignment for the benefit of creditors to one Hutchinson, the petitioner. On the 22d of April, 1895, this action was begun. The defendants Hagemeyer have interposed an answer alleging that they received no consideration for the note, that it was usurious, and that it was diverted from the purpose for which it was originally intended and given. The cause is now at issue, awaiting trial. The motion to be permitted to come in as a defendant is made on the ground that the assignee is interested in the subject of the action, and he claims the right, under section 452 of the Code of Civil Procedure, to be made a defendant, in order that he may contest the plaintiff's claim. The court below concurred in this view of his right, and made the order from which this appeal is taken.

In a common-law action, where a money judgment only is sought, a plaintiff had the right to make defendants only such persons as are directly liable upon the contract or cause of action sued upon, and he could not be compelled to bring in any other persons. Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3. There is no inherent power in the court to introduce a third party into the controversy, against the objection of the plaintiff. But the second subdivision of section 452 of the Code of Civil Procedure has made a new rule, which authorizes a third party, on his own application, but not otherwise, to become a defendant in an action at law, under certain circumstances. Rosenberg v. Salomon, 144 N. Y. 92, 38 N. E. 982. The provision of the Code referred to is as follows:

"And where a person not a party to the action is interested in the subject thereof, or any real property, the title of which may. in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

The question arising on this provision of the statute is one of construction. Is the authority to intervene one applying to actions at law generally, or merely to actions in which, either directly or incidentally, the title to property may be affected? It is claimed by the appellant that the phraseology is susceptible of two constructions: that it should be read as authorizing the third party to intervene only when specific property is claimed. It is noticeable that all the cases to which our attention has been called, and in which the third party was permitted to come into the action, related in some way to the title or to the possession of some specific property. Thus, Rosenberg v. Salomon, supra, was an action in replevin; and People v. Albany & V. R. Co., 77 N. Y. 232, involved title of the defendant as a lessee of property. In Johnson v. Trim Co., 79

Hun, 407, 29 N. Y. Supp. 797 (where the point was discussed, but did not directly arise), the right to intervene was suggested as existing because attached property was involved. In Lee v. Pfeffer, 25 Hun, 97, the disposition of specific property in the hands of an assignee in bankruptcy was involved. But in the case now before us there is no such situation presented. The right which the assignee, Mr. Hutchinson, claims, is based altogether upon the contention that he is interested in the subject of the action. It is clear he has no interest whatever, as assignee, in the note that is sued on; nor, by the assignment, have his assignors devolved upon him any direct liability for the indebtedness arising on that note. But he is interested in the subject of the action, if a judgment obtained therein will be binding, either prima facie or conclusively, upon him, as fixing the amount of the Hagemeyers' indebtedness to the plaintiff. The assets of the assigned estate in his hands must be devoted to the payment of the assignors' debts, as directed in the assignment. The pro rata shares of creditors will be increased or diminished according to the establishment or rejection of the plaintiff's cause of action. That situation certainly indicates an interest of the assignee in the result of the action. When a debtor makes an assignment for the benefit of creditors, the assignee takes the legal estate; and the creditors, the equitable estate. They are protected by and through the assignee. If, therefore, the true construction of section 452 is as claimed by the appellant, there can be no ground whatever for the assignee intervening. But it seems quite clear that the title referred to in that section means title to real estate, and that the provision, as applicable to actions other than those in which real estate is involved, makes the right to intervene dependent upon the existence of an interest in the subject of the action. What is meant by the word "subject," in this connection, might be doubtful, but for the fact that the court of appeals has given the definition. In Hilton Bridge Const. Co. v. New York Cent. & H. R. R. Co., 145 N. Y. 396, 40 N. E. 86, it is said:

"In the case of Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3, we held that in an action at law, pure and simple, a plaintiff could not be compelled to bring in other parties, where the determination of the subject-matter involved in the action itself could be completely had between the original parties, and where the judgment in that action would form no obstacle to any claim which a third party might thereafter make against the defendant in that action. In an action at law of that nature, and in regard to the circumstances of that particular case, we held that the sections of the Code (sections 452, 457) did not give to the defendant the right to have another party brought in as a party defendant, where his presence was not necessary to a complete determination of their rights, as between the two parties to the action."

Here we have both a definition of the word, viz. that it means "the subject-matter" of the action, and a statement of the condition under which the third party will be allowed to come in, viz. where the judgment will form an obstacle to any claim which a third party may make against the defendants, which includes both

a personal claim, and one against property to be applied to the payment of a defendant's debts. The petitioner in this case has brought himself within the terms of the statute, as construed by the court of appeals. He is interested in the subject-matter of the action, because that subject-matter is the recovery of an alleged indebtedness upon a promissory note, which indebtedness, if established, will be the ultimate measure of the right of the plaintiff to share in the proceeds of the assigned estate. It will constitute an obstruction, pro tanto, to the other creditors of the assignors,—that is to say, it will diminish their dividends by as much as would be paid to the plaintiff on account of this claim; and the assignee holding the legal title to the assets is the only person who can intervene on behalf of the other creditors, the amount of whose dividends would be affected by the establishment of the plaintiff's disputed claim. It all depends, of course, upon the position in which the assignee would be placed by the recovery of a judgment in this action. If that judgment would not be binding upon him, either presumptively or conclusively, he has no interest in the "subject" or "the subject-matter" or "in the event of the action." If a judgment would be binding merely prima facie, it would throw upon him the burden of showing that the claim was not a valid one, and if conclusive, of course, he could not attack it at all. Hence we are compelled to consider the question as to the effect of such a judgment upon the assignee, and we think that question is settled in this state by what was held in the case of Candee v. Lord, 2 N. Y. 269. Such a judgment as would be obtained here, presented to the assignee, would really give rise to a simple question between creditors entitled to share in the fund, and in the case cited the following observations were made, which seem to be final upon the subject:

"In creating debts, or establishing the relation of debtor and creditor, the debtor is accountable to no one, unless he acts mala fide. A judgment, therefore, obtained against the latter without collusion, is conclusive evidence of the relation of debtor and creditor against others—First, because it is conclusive between the parties to the record, who, in the given case, have the exclusive right to establish it; and, second, because the claims of other creditors upon the debtor's property are, through him, and subject to all previous liens, preferences or conveyances made by him in good faith. Any deed, judgment, or assurance of the debtor—so far, at least, as they conclude him—must estop his creditors and all others. Consequently, neither a creditor nor stranger can interfere in the bona fide litigation of the debtor, or retry his cause for him, or question the effect of the judgment as a legal claim upon his estate. A creditor's right, in a word, to impeach the act of his debtor, does not arise until the latter has violated the tacit condition annexed to the debt,— that he has done and will do nothing to defraud his creditors. Where, however, fraud is established, the creditor does not claim through the debtor, but adversely to him, and by a title paramount, which overreaches and annuls the fraudulent conveyance or judgment by which the latter himself would be estopped. It follows, from the principles suggested, that a judgment obtained without fraud or collusion, and which concludes the debtor, whether rendered upon default, confession, or after contestation, is, upon all questions affecting the title to his property, conclusive evidence against his creditors, to establish—First, the relation of creditor and debtor between the parties to the record; and, second, the amount of the indebtedness."

The case of Candee v. Lord was decided in 1849, and was recognized as authority, and its principle stated, in 1891, in Brooks v. Wilson, 125 N. Y. 261, 26 N. E. 258, where the court says:

"The defendants rely upon a class of cases which hold that a judgment recovered for a debt establishes, not only the relation of debtor and creditor between the parties to the judgment, but also as to third persons, so as to preclude them, in the absence of fraud or collusion. from questioning the validity of the judgment, or denying that the debt upon which it was rendered actually existed. The case of Candee v. Lord, 2 N. Y. 269, is a leading authority upon this point. That was a judgment creditor's action, charging that the defendants had, under fraudulent judgments, sold the debtor's property, and received the proceeds; and the defendant sought to assail the plaintiff's judgment on the ground that the indorsement upon which the action was brought was forged. No fraud or collusion was alleged or shown between the parties, in the procuring of that judgment, and it was held that the defendants were bound, and could not relitigate the question of forgery in the creditor's action. In several subsequent cases of the same general character, brought to set aside transfers in fraud of creditors, it was held that the defendants could not, in the absence of fraud or collusion, impeach the consideration of the judgment upon which the action was founded, or be permitted to show that the contract upon which it was rendered had in fact no existence, or was not enforceable. Burgess v. Simonson, 45 N. Y. 225; Carpenter v. Osborn, 102 N. Y. 552, 7 N. E. 823; Decker v. Decker, 108 N. Y. 128, 15 N. E. 307."

It is immaterial whether the judgment was recovered before or after the assignment was made. In Candee v. Lord the plaintiff's judgment was recovered in 1844, and the judgment attacked was in 1843, and the property conveyed was also transferred prior to the recovery of the plaintiff's judgment. The cases cited establish the rule as to the binding force of the judgment, except where it is recovered by fraud or collusion. And it may be said, in addition, that such a judgment could be made the basis of a creditor's bill to set aside the assignment, and could not be questioned by the assignee, and he would be powerless to protect the assigned estate against it. Young v. Heermans, 66 N. Y. 374.

We think, for the reasons above given, the order appealed from should be affirmed, with costs.

O'BRIEN and WILLIAMS, JJ., concur.

INGRAHAM, J. I cannot concur with Mr. Justice PATTERSON. It has been expressly held by the court of appeals that, but for the last sentence of section 452 of the Code, the court would have no power, in an action at law, to make any one a party to the action against the protest of the plaintiff. The plaintiff has a right to select those that it will sue, and as it asks no judgment against the moving party, and protests against its being compelled to sue him, I do not think that he could be made a party, unless, under the express provisions of the Code, authority is given to allow him to intervene in this action, which is entirely between the plaintiff and the original defendants, its debtors. So much of section 452 as is a literal re-enactment of the old section 122 applies only to equitable actions. See Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3. Upon the enactment of the Code of Civil Procedure, section 122

of the old Code was inserted as section 452, with the last clause added, and that provision applies as well to legal as to equitable actions.     It is there provided that:

"Where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

And in Rosenberg v. Salomon, 144 N. Y. 92, 38 N. E. 982, this provision was construed as applying to a person who claims an interest in specific property, where a replevin action is brought to recover possession of such property.     It was there held that the applicants in that case, who claimed to be the legal owners of the property, had an interest in the subject-matter of the action—First, to have their property go in discharge of their own debt; and, next, to save and retain any possible surplus beyond; and that it was their title (namely, the applicants' title) which is involved.     This case is certainly no authority for the granting of this application.     There the subject of the action was certain specific property.     The applicants were the legal owners of the property, and the court of appeals held that they had an interest in the subject-matter of the action, namely, the property that the plaintiff sought to recover.     This action is not brought to affect any specific property, but plaintiff seeks to recover a money judgment for the amount of a promissory note made by the original defendants.     The original defendants have interposed an answer setting up a defense which, we assume, if established, will be sufficient to defeat the plaintiff's cause of action against the defendants.     The only judgment that could be rendered in this action would be a money judgment against the original defendants, and it seems to me plain that the moving party has no interest in the subject-matter, namely, the right of the plaintiff to recover a money judgment against the original defendants.     By no amendment of the complaint would the plaintiff allege any cause of action against the respondent.     The plaintiff has asked, and now asks, no relief against him.     He is a mere volunteer seeking to interject himself into a controversy that does not concern him, and where no judgment could be granted either in his favor or against him.     The Code does not give a person who is interested in the event of an action the right to intervene, but only to one interested in the subject of the action involved.     It is a little difficult to understand just what is meant by the term "subject of the action," when applied to an action which, under the old system of pleading, would be an action of debt.     It was, however, defined by Peckham, J., in the case of Chapman v. Forbes, supra, as, "The subject of the action is to obtain payment of the debt due plaintiff from defendants."     And the court cites with approval the decision of Webster v. Bond, 9 Hun, 437, and states that that case held "that a person bringing a legal action cannot be compelled to sue any person except such as he may elect to sue."     If this definition of the meaning of the term "subject of the action" at law is correct, namely, that it is the right of the plaintiff to obtain payment of the debt due from

defendants, then it seems to me clear that this respondent has no interest in the subject of this action. In fact, his interests would be advanced by the plaintiff's obtaining the payment of its claim from the defendants, rather than by a resort to the fund or property in his possession. The case of Hilton Bridge Const. Co. v. New York Cent. & H. R. R. Co., 145 N. Y. 390, 40 N. E. 86, was an action foreclosing a mechanic's lien, and was decided expressly upon the ground that a case arising under the mechanic's lien law "is an action peculiar to itself, and one in which we think it proper that the contractor be brought in, where the plaintiff's cause of action depends upon the payments made by the owner to the contractor before they were due under the terms of the contract. The existence of the fund upon which the plaintiff depends for its cause of action thus depends upon, and arises out of, the very subject-matter of the contracts and payments under them, and in such case we think it but fair that the litigation should be ended on that subject in one action." There was nothing said in this case as to what was the "subject" of an action at law for the recovery of money only; and the court, in commenting on the case of Chapman v. Forbes, supra, said that it was there held "that in an action at law, pure and simple, a plaintiff could not be compelled to bring in other parties, where the determination of the subject-matter involved in the action itself could be completely had between the original parties, and where the judgment in that action would form no obstacle to any claim which a third party might thereafter make against the defendant in that action." It seems to me that this is exactly that case. The judgment in this action will form no obstacle to any claim that a third party, namely, this respondent, may hereafter make against these defendants. Whatever right the plaintiff may have against the original defendants in this action will not expose these defendants to any claim by the respondent against them, the respondent being simply a trustee for the benefit of the original defendants' creditors. The construction of this section claimed by the respondent would open the door to allow any creditor of the original defendants, or any person who would have an interest in reducing the amount of the defendants' indebtedness, to be made a party to the action. I do not think that the legislature could have had such an intention. I think, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

VAN BRUNT, P. J., concurs.