## MONTAGUE v. JEWELERS' & TRADESMEN'S CO.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

INTERPLEADER—ACTION ON INSURANCE POLICY.

Code Civ. Proc. § 820, provides that if defendant disputes a liability asserted against him by different claimants, or has some interest in the subject-matter of the controversy which he desires to assert, he can apply to have the other claimant joined as a co-defendant. A life insurance policy provided that the insurer would pay a creditor a debt owing him by assured at the latter's death, the remainder to go to the widow. The widow notified the insurer not to pay any money to any person, except herself, without no-

tice and an opportunity to protect her rights. The insurer denied all lia-
bility on the policy. *Held*, in an action on the policy by the executrix of the
creditor, that the denial of defendant's motion to bring in assured's widow
was proper.

Appeal from special term, New York county.

Action by Clara Montague, as executrix of the will of Henry E.
Droz, deceased, against the Jewelers' & Tradesmen's Company. From
an order denying defendant's motion to bring in Rachel Flint as co-
defendant, he appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, and IN-
GRAHAM, JJ.

E. L. Mooney, for appellant.
A. C. Todd, for respondent.

PATTERSON, J. The order denying the defendant's motion to
bring in Rachel Flint as a co-defendant was properly made. The
action was brought against a corporation created under the laws of
the state of New York, and which issued a policy of insurance, called
a "certificate of membership," upon the life of one A. F. Flint. By
the terms of that policy or certificate the defendant undertook to
pay within 60 days after the receipt of satisfactory evidence of the
death of Flint "to Henry E. Droz, of New York City [the plaintiff's
testator], such amount as upon the death of A. F. Flint it may be
proven by said Henry E. Droz that he was indebted to him at that
time, and the remainder, if any, to Rachel Flint, his wife, of Savannah,
county of Chatham, state of Georgia, the sum of $5,000 from the
death fund of the company at the time of said death, or from any
moneys that shall be realized to the said fund from the next assess-
ment," etc. Droz died in 1893, and the policy was continued in force
until the death of Flint, in 1898. Droz's executrix brought this
action upon the policy, and the defendant moved, under section 820
of the Code of Civil Procedure, to bring in Mrs. Flint, the widow of
the assured, as a party to the action. There were no facts set forth
in the moving papers which would authorize an interpleader. The
attitude in which the defendant stood on the motion was that it
asserted that Mrs. Flint had an interest in the policy. At the same
time it claimed that it was not liable on the policy to any one. It in-
sists, however, that under a provision of section 820 of the Code it
was entitled to bring in Mrs. Flint because it disputed in whole a
liability asserted against it by different claimants, or that it had some
interest in the subject-matter of the controversy, which interest it
desired to assert, and therefore it was entitled to join Mrs. Flint as a
defendant with it in the action. The only interest it seems to have
is in repudiating all liability.

The contract of the defendant was directly with Droz to pay to him
such sum as he should prove Flint owed him, and the balance was to
be paid to Mrs. Flint. The defendant disputes any liability on that
policy. Droz would have had a direct action against the company
on its contract, and the plaintiff claims in Droz's right. There is
nothing in the papers to show that Mrs. Flint challenges Droz's right,
or makes any claim upon the policy, except in subordination to Droz.

The affidavit on behalf of the defendant upon which the application to bring in Mrs. Flint was made states that she claims to be entitled to the whole of the moneys due under the policy, or that, if she is not entitled to the whole, she is entitled to a portion of the same. There is no evidence whatever to support that statement, except a notice served on the defendant by a lawyer representing Mrs. Flint, which only states that the company is forbidden to pay to any other person than Mrs. Flint the sum of money due or to become due under the policy, without notice to her and an opportunity given to her to protect her interests. No claim is made by Mrs. Flint adversely to the executrix. All she asks for is notice, so that the money may not be paid until she can take steps to protect her own interests. The provision of the Code invoked by the defendant leaves it discretionary with the court to make the order, and in this case the discretion was properly exercised in denying the motion.

The order should be affirmed, with $10 costs and disbursements. All concur.