MONTAGUE v. JEWELERS' & TRADESMEN'S CO.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. PARTIES—INTEREST IN SUBJECT.
   Code Civ. Proc. § 452, authorizing one not a party, but who is interested in the subject, to be joined on his own application, applies to actions at law as well as in equity.

2. SAME.
   The beneficiary of a life policy, whose rights are subject to a debt secured by the policy, is interested in the subject of an action thereon by the creditor, within Code Civ. Proc. § 452, authorizing one interested to be joined.

Appeal from special term, New York county.

Action by Clara Montague, as sole surviving executrix of the will of Henry E. Droz, deceased, against the Jewelers' & Tradesmen's Company. There was an order granting leave to Rachel Flint to become a party defendant, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Ambrose G. Todd, for appellant.
Frederick C. Lawyer, for respondent.

O'BRIEN, J. On May 19, 1890, the defendant issued to A. F. Flint a certificate of membership by which it "agreed, in consideration of the payment of certain fees, dues, and assessments, to pay to Henry E. Droz * * * such amount as upon the death of said A. F. Flint it may be proven by said Henry E. Droz that he was indebted to him at that time, and the remainder, if any, to Rachel Flint, his wife, * * * the sum of $5,000." Droz died on December 7, 1893, and letters testamentary upon his estate were issued to this plaintiff. Flint died March 13, 1898, and thereafter this action was begun by the plaintiff to recover the entire amount of the $5,000 payable under the certificate of membership. A motion was made by the defendant to have Mrs. Flint brought in as a co-defendant, which motion was denied, and the order denying the motion was subsequently affirmed by this court. Montague v. Tradesmen's Co., 41 App. Div. 530, 58 N. Y. Supp. 715. Thereafter Mrs. Flint herself moved, under section 452 of the Code of Civil Procedure, for leave to be made a party defendant; alleging that A. F. Flint, her husband, was not indebted to Henry E. Droz in the sum of $5,000, and that she, and not the plaintiff, was legally entitled to the money due on the certificate, or to some substantial

part thereof. This motion was granted by the special term, and from the order entered the plaintiff appeals.

The appellant insists that the instances in which section 452 of the Code of Civil Procedure has been applied to actions at law are those which have had for their subject the title to some specific property, and not the recovery of a sum of money only. That contention was disposed of by this court in the case of Bank v. Hagemeyer, 4 App. Div. 52, 38 N. Y. Supp. 626, where it was said:

"In a common-law action, where a money judgment only was sought, a plaintiff had a right to make defendants only such persons as were directly liable upon the contract or cause of action sued upon, and he could not be compelled to bring in any other persons. Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3. There is no inherent power in the court to introduce a third party, but the second subdivision of section 452 of the Code of Civil Procedure has made a new rule, which authorizes a third party, on his own application, but not otherwise, to become a defendant in an action at law under certain circumstances. Rosenberg v. Salomon, 144 N. Y. 92, 38 N. E. 982. The provision of the Code referred to is as follows: 'And where a person not a party to the action has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, it must direct him to be brought in by the proper amendment.'"

In the Hagemeyer Case it was held that it would be giving too limited a construction to the provision of the Code to say that it applied merely to actions in which, either directly or incidentally, the title to property may be affected; and by that case, which was an action on a promissory note against the assignors, the assignee for creditors was given the right to be made a party to the action. The section therefore applies to actions both at law and in equity, and the question in each case to be determined, where the party himself makes the application, is whether or not he has an interest in the subject of the action. Here it is sought to recover upon a certificate of membership, and the amount the plaintiff can recover will be limited to the amount of the indebtedness which the representatives of Droz show was due him by Flint. What is over and above that sum is payable to Mrs. Flint, and she has, therefore, a direct interest in the action brought to determine the amount due Droz. The subject of the action being the amount due upon the certificate of membership, in which controversy Mrs. Flint has an interest, she has the right, under the construction heretofore given to section 452 of the Code of Civil Procedure, to be made a party. We held upon the former appeal that the defendant could not compel her to come in; but as said in Bank v. Hagemeyer, supra, the Code "has made a new rule, which authorizes the third party on his own application, but not otherwise, to become a defendant in an action at law under certain circumstances."

We think that the order below was right, and should be affirmed, with $10 costs and disbursements. All concur.