MICHAELIS v. TOWNE et al.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

PARTIES—INTERVENTION OF PARTIES DEFENDANT.

Under Code Civ. Proc. § 452, providing that a person not a party to an action, who has an interest in the subject thereof, may be made a party on his application, an assignee of stock assigned by a husband after commencement of an action of replevin by his wife against one to whom the stock has been pledged as collateral security for a loan to the husband, and to whom the amount of the debt is tendered by the wife, is entitled to be made a party to the action, where the intervener claims that the stock was the property of the husband, and assignable by him, and the plaintiff claims that her husband gave the stock to her several years before the pledge thereof, the gift being denied by him.

Rumsey, J., dissenting.

Appeal from special term, New York county.

Replevin by Naomi Michaelis against Robert S. Towne. From an order denying an application by the State Trust Company to be made a party defendant, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

H. B. Closson, for appellant.
Edwin M. Felt, for respondent.

INGRAHAM, J. The action is in replevin, the plaintiff seeking to recover from the defendant Robert S. Towne certain certificates of the capital stock and bonds of a corporation. The plaintiff claims the title to this stock by virtue of a gift from her husband alleged to have been made to her between November 10, 1892, and January, 1893. The action was commenced in November, 1898. The complaint alleges that the plaintiff, being the owner of the stock, about March 5, 1897, delivered the same to the defendant as collateral security for a loan; that in October, 1898, the plaintiff tendered to the defendant the amount due to him, and demanded possession of the stock, which he refused; and the complaint demands the recovery of the possession of the stock, or for the sum of $65,000, its value. The defendant answered this complaint, denying the allegations therein, except as to the tender. In February, 1900, the State Trust Company obtained an order requiring the plaintiff to show cause why it, as trustee of the trust created by a trust deed, should not be brought into this action, and made a codefendant with the defendant Robert S. Towne, and be allowed to plead to the complaint herein. It appears from the affidavit upon which the application was made that these certificates of stock to recover the possession of which this action was brought are in the

possession of the defendant Towne, who claims to hold them as collateral security for the payment of a debt owing to him by Arnold C. Michaelis, the husband of the plaintiff; that prior to the beginning of this action, and at all times hereinafter, until the execution and delivery of the trust deed annexed to such affidavit, the said Arnold C. Michaelis claimed to be and was the owner of, and entitled to the possession of, the said shares of stock, subject to the right of the said Towne to hold the same as security; that by a trust deed dated December 30, 1899, duly made, executed, and acknowledged, and delivered to the State Trust Company on the 18th of January, 1900, the said Arnold C. Michaelis duly assigned, transferred, and set over all of the said shares of stock and all of the said bonds to the State Trust Company, as trustee under the said deed of trust; that the said trust company accepted the trusts created by the said trust deed, and under and by virtue of the provisions thereof has an interest in the subject of this action, to wit, the said shares of said stock and the said bonds, and desires to be made a party to this action, that it may take such steps as may be proper in the premises to protect its interests, and the interests of the cestui que trust under the said deed. The trust deed which is annexed to this affidavit recites that Arnold C. Michaelis was the owner and entitled to the possession of the said shares of stock and bonds, the said stock now standing in the name of the defendant Robert S. Towne as security for the payment of $3,360.55, with interest, and assigns, transfers, and sets over to the said trust company the said shares of stock and bonds so received as dividends thereupon, in trust as therein specified. An affidavit of the plaintiff was submitted claiming the title to this stock. The court denied the motion, and from an order entered thereon the State Trust Company appeals.

We think the appellant was entitled to be made a party to this action, under the provisions of section 452, Code Civ. Proc. It is there provided that "where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment." Here the action is brought to recover specific personal property from the possession of the defendant. The defendant claims no interest therein, except to hold the same as collateral security for a loan of money. To recover the possession of this stock from the defendant, the plaintiff must rely upon her own title. She claims title through a gift from her husband made some time prior to the date when the defendant obtained possession of the stock, and it appears from the record that the defendant has stated under oath, in a deposition taken in this action, that he had made no gift of this stock to recover for which this action was brought by the plaintiff. There can be no doubt that, prior to the execution and delivery of the trust deed to the State Trust Company, the husband would have been entitled, under section 452 of the Code, to be made a party to the action. The "subject" of this action is the stock the title to which is in controversy. This exact situation was presented to the court in the case

of Rosenberg v. Salomon, 144 N. Y. 92, 38 N. E. 982. That was an action of replevin against the sheriff. The latter had taken the property by virtue of an execution against Salomon & Wolf. The court said:

"The plaintiff claims that the levy was upon his property, and must show title as against that of the judgment debtors. They have an interest in the subject of the action, first, to have their property go in discharge of their own debt, and, next, to save and retain any possible surplus beyond, and it is their title which is involved."

The appellant, having acquired the title of the plaintiff's husband to this property, and claiming to be the owner of it, is within the express language of section 452 of the Code, as a person having an interest in the subject of the action. The Code does not limit the right to be made a party to the action to one having an interest at the time of the commencement of the action, but it seems to be sufficient if such a person has an interest in the subject of the action at the time of the application to be made a party. Certainly, if the plaintiff's husband should now apply to be made a party defendant, it would be a complete answer to that application to show that he had parted with his interest in the property to the trust company. It is difficult to see what possible objection there can be in allowing the appellant to be made a party to the action, and present its claim to the property therein. There can be no doubt but that the claim is made in good faith. All of the parties who can have any interest in this property will then be before the court, and the judgment can settle the rights of the parties as to the stock, and can determine who is its legal owner, and what interest Towne, the defendant, has in it. The rights of all the parties can be much more satisfactorily determined in this action than if the State Trust Company be compelled to institute another action, adding to the expense of the parties and the delay and difficulty of the litigation. The case is within the express provisions of the section of the Code cited, and I can see no object in denying the application, except to largely increase the expense and difficulties of the parties in settling the controversy as to who is the owner of the stock, or to enable a person who is not such owner to get possession of the stock, and deprive the true owner of the property.

I think that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted.

All concur, except RUMSEY, J., who dissents.