Otto H. Bauer, Appellant, v. William C. Dewey, Respondent.

John H. Delack, Petitioner, Respondent.

56 67
r166a402

*Party — right to be made a party defendant to an action for the recovery of money only — not if it changes the character of the action.*

A person may, on his own application, under subdivision 2 of section 452 of the Code of Civil Procedure, be made a party to an action because of his interest in the subject-matter thereof, where the action is for the recovery of money only, as well as where specific property is the subject thereof, provided the character of the action is not changed by his intervention.

*Semble,* that the rule would be otherwise where, by making him a party, the character of the action would be changed from an action at law into one in equity.

Van Brunt, P. J., and Ingraham, J., dissented.

Appeal by the plaintiff, Otto H. Bauer, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of September, 1900, granting the motion of John H. Delack to be made a party defendant in the action.

*Henry H. Abbott,* for the appellant.

*Augustus N. Hand,* for the defendant, respondent.

*Frederic J. Swift,* for the petitioner, respondent.

Hatch, J.:

This action was brought by the plaintiff as assignee of the claim of one Diamond to recover the sum of $2,500, which amount it is alleged in the complaint the defendant Dewey agreed to pay said Diamond as commission for services rendered by the latter as broker in effecting the exchange of certain real properties. Shortly after the appearance of the defendant in the action the respondent Delack made a motion to intervene, alleging that he was entitled to one-half of the commissions owing by Dewey in the transactions, his claim, as set forth in the affidavit, being that Diamond was working for and consummated said exchange for and in his behalf under an agreement that the commissions should be payable by both the parties making the aforesaid exchange to Diamond and Delack jointly

and equally. Diamond admits that respondent has some interest in the commissions.

The court below granted the motion of Delack to be permitted to intervene, and from such order this appeal is taken.

The application is made pursuant to the 2d clause of section 452 of the Code of Civil Procedure, which provides that, "And where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

It is contended by the appellant that this provision limits the right to intervene in common-law actions to cases in which the party has an interest in specific property which is the subject of the action and which may be affected by the judgment. Several authorities are cited by counsel in support of this proposition, but reliance is mainly placed upon the decision in *Chapman* v. *Forbes* (123 N. Y. 532). It is true that that case was in its nature somewhat similar to this. It was an action at law for money had and received. The defendant denied the indebtedness and alleged that the money in question belonged, subject to certain equities in himself, to the assignee of the persons who had deposited it with him. The similarity goes no further, and a careful reading of the opinion, we think, leads to the conclusion that the case does not go to the extent claimed for it by the appellant. There is a lengthy discussion of the provisions of the Code contained in section 452, and the case holds that the facts did not and could not come within the provision of the 1st clause of the section, because the action was at law, and the result would be to convert a plain action at law into one in equity. That leave could not be granted under the 2d clause, because the application was made by the defendant himself, and the statute requires that it shall be made by the party seeking to intervene. The first part of section 452 is a re-enactment of section 122 of the Code of Procedure, and applies only to equity actions, but the 2d clause hereinbefore quoted applies to actions at law. Any doubt which might be entertained as to what was intended by the decision in *Chapman* v. *Forbes* (*supra*) is set at rest by the opinion in *Rosenberg* v. *Salomon* (144 N. Y. 92). In commenting upon

and distinguishing that case the court says: "We agree with the General Term in its affirmance of the order granting the application of Solomon & Wolf to intervene as parties defendant; although we put our concurrence, not upon the ground of an inherent power in the court, but upon the express permission of section 452 of the Code. So much of that section as is a literal re-enactment of the old section 122 applies only to equitable actions. We so held in *Chapman* v. *Forbes* (123 N. Y. 532), but did not extend that construction to the new and added provision of section 452, which in terms permits persons not made defendants on their own application to come in and defend when they have an interest in the subject of the action."

If the effect of the order allowing intervention was to change the character of the action from an action at law into one in equity, we should hesitate to affirm an order in such case, as we think it would be in conflict with the policy of the law and with the reasoning in *Chapman* v. *Forbes* (*supra*); but where, as in this case, the character of the action is not changed, and the application is made by the party seeking to intervene, we do not think the right is limited to a case where specific property is the subject of the action, but may embrace an action for money as well. And this court has twice distinctly so held in *Merchants' Nat. Bank* v. *Hagemeyer* (4 App. Div. 52) and *Montague* v. *Jewelers & Tradesmen's Co.* (44 id. 224).

In the latter case Mr. Justice O'BRIEN, writing the opinion, discusses the cases of *Chapman* v. *Forbes* and *Rosenberg* v. *Salomon* (*supra*) and evidently limits the application of the former as we do here. It is there said that the contention that section 452 of the Code of Civil Procedure applies in actions at law only to those actions which have for their subject the title to some specific property, and not to the recovery of a sum of money, was disposed of by this court in the case of *Merchants' Nat. Bank* v. *Hagemeyer* (4 App. Div. 52).

We think the respondent Delack has shown such an interest in the subject of this action as entitles him to intervene. For the reasons stated, the order appealed from should be affirmed, with ten dollars costs and disbursements to the respondents.

PATTERSON and O'BRIEN, JJ., concurred; VAN BRUNT, P. J., and INGRAHAM, J., dissented.

Van Brunt, P. J. (dissenting):

This action was brought by the plaintiff, as assignee of the claim of one Diamond, to recover the sum of $2,500, which amount it is alleged in the complaint the defendant Dewey agreed to pay said Diamond as commission for services rendered by the latter as broker in effecting the exchange of certain real properties. Shortly after the appearance of the defendant in the action the respondent Delack made a motion to intervene, alleging that he was entitled to one-half of the commissions owing by Dewey in the transaction, his claim, as set forth in his affidavit, being that Diamond was working for and consummated said exchange for and in his behalf under an agreement that the commissions should be payable by both of the parties making the aforesaid exchange to Diamond and Delack jointly and equally. It also appeared from the papers that Delack had given notice to the defendant Dewey of his claim to one-half of the commissions. The court granted the motion to bring in Delack, and from the order thereupon entered this appeal is taken.

It is claimed upon the part of the respondent that under section 452 of the Code of Civil Procedure, as the petitioner Delack had an interest in the subject of the action, the title to which might be affected by the judgment, he was entitled to come in as a defendant. It seems to be reasonably clear that the clause of section 452, referred to, limits the right to intervene in common-law actions to cases in which the intervenor has an interest in specific property, the title to which may be affected by the judgment. In the case of *Chapman* v. *Forbes* (123 N. Y. 532) the court expressly held that in a case somewhat similar to the one at bar the provisions of the section did not apply. In that case a person not a party to the action claimed to be the assignee of the person giving the money to the defendant. It was held that such person had no interest in the subject of the action within the meaning of the section, the subject of the action being to obtain the payment of a debt due to the plaintiff from the defendant.

If the defendant in this action owed the money to Diamond, the assignor of the plaintiff, then the plaintiff can recover. If, upon the other hand, there is a failure to join the proper parties plaintiff, the defendant may take that objection by answer, which would be a successful defense if established. There is no way in which the

title of the petitioner to any claim that he may have against the defendant can be put in jeopardy in this action or be affected by the judgment to be entered herein.

In the case of *Rosenberg* v. *Salomon* (144 N. Y. 92), where the subject-matter of the action was certain chattels, the party was allowed to intervene because he had an interest in those chattels — specific property — the title to which might be affected by the judgment. In the case at bar the object of the action is to obtain the payment of a debt alleged to be due from the defendant to the plaintiff. As has already been stated, if the defendant owes the money to the plaintiff a recovery may be had. If he does not, then the defendant has a good defense to the cause of action set out in the complaint. We are of opinion, therefore, that the petitioner did not bring himself within the provisions of section 452 of the Code above referred to, and that his motion should have been denied.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

INGRAHAM, J., concurred.

Order affirmed, with ten dollars costs and disbursements.