FEINBURG v. AMERICAN SURETY CO. OF NEW YORK et al.

(Supreme Court, Appellate Term. December 26, 1900.)

.ACTION ON UNDERTAKING IN ATTACHMENT—PARTIES.

In an action against a surety company on an undertaking in attachment, the plaintiff in the attachment action, who did not join in the undertaking, but contracted to indemnify the company for any liability thereon, and who was notified by the company to defend and hold it

harmless, is interested in the "subject" of the action, within Code Civ. Proc. § 452, providing that a person, not a party, so interested, must be brought in by proper amendment, if he makes application therefor, since the action involves the enforcement of the undertaking, and the adjudication will be conclusive against him.

Appeal from city court of New York, general term.

Action by Michael Feinburg against the American Surety Company of New York. An order of the special term allowing William K. Hawkins to come in and defend the action, and directing the amendment of the summons and complaint accordingly, was reversed, and his motion therefor denied, by the general term (65 N. Y. Supp. 796), and he appeals. Reversed, and order of special term affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Omar Powell and Daniel L. Cady, for appellant.
Max O. Steuer, for respondent.

GIEGERICH, J.   The action is against the American Surety Company of New York upon an undertaking given by it on a warrant of attachment granted in an action brought in the supreme court, county of New York, in which one William K. Hawkins was plaintiff, and Solomon L. Pakas, defendant. Hawkins did not join in the execution of the undertaking, which is conditioned "that, if the defendant recover judgment in this action, or if the warrant of attachment is vacated, the plaintiff will pay all costs which may be awarded to the defendant, and all damages which the defendant may sustain by reason of the said attachment, not exceeding the sum of two hundred and fifty ($250) dollars." The warrant of attachment was vacated, and before the commencement of this action Fakas assigned to the plaintiff in the present action "his right, title, and interest in and to the said undertaking, * * * together with all his rights therein to sue and recover the amount." Subsequently, upon the application of Hawkins, the special term of the city court of the city of New York granted an order allowing him to come in and defend the action as principal of the American Surety Company of New York, which order, however, was reversed by the general term of that court, and the motion denied. Hawkins then brought on this appeal.

Section 452 of the Code of Civil Procedure, so far as applicable to the question under consideration, provides that:

"Where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. And where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

The court of appeals, construing this section in the case of Rosenberg v. Salomon, 144 N. Y. 92, 93, 38 N. E. 982, said:

"So much of that section as is a literal re-enactment of the old section 122 applies only to equitable actions. We so held in Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3, but did not extend that construction to the new

and added provision of section 452, which in terms permits persons not made defendants on their own application to come in and defend when they have an interest in the subject of the action the title to which may be affected by the judgment."

The attention of the general term below was evidently not called to this authority, nor to the fact that the application could be made under the second sentence of the section in question. The appellant has clearly brought himself within the above-cited provisions of the Code. He is interested in the "subject" of the action, because involving the enforcement of the undertaking in suit; and the adjudication, in view of the fact that he has been notified by the surety company to defend the action, and to hold it harmless, will be conclusive against him. Village of Port Jervis v. First Nat. Bank, 96 N. Y. 550, 557. From a reading of the condition of the undertaking, above set forth, it is apparent that the appellant is the principal, while the surety company is merely the surety for his obligation to pay all damages occasioned by the wrongful act in levying the attachment; and since the appellant's rights may be fixed and determined in the present action, and as he will be liable over to the surety company for any judgment which may be rendered against it, he has a direct interest in the present action, and should, therefore, have been permitted to intervene. The conclusion so reached with respect to the appellant's interest in the "subject" of the action, as that term has been defined by the authorities, is amply sustained by the decisions announced since that of Rosenberg v. Salomon, supra. In Bank v. Hagemeyer, 4 App. Div. 52, 38 N. Y. Supp. 626, the action was upon a promissory note made by the defendants Hagemeyer, as partners, under the firm name of George Hagemeyer & Son. Prior to the commencement of the action the defendants Hagemeyer made an assignment for the benefit of creditors to one Hutchinson, who subsequently applied for an order permitting him to come in as a defendant on the ground that he was interested in the subject of the action. After stating that there was no specific property involved, the court said (page 55, 4 App. Div. and page 628, 38 N. Y. Supp.):

"But he is interested in the subject of the action if a judgment obtained therein will be binding, either prima facie or conclusively, upon him, as fixing the amount of the Hagemeyers' indebtedness to the plaintiff. The assets of the assigned estate in his hands must be devoted to the payment of the assignors' debts as directed in the assignment. The pro rata shares of creditors will be increased or diminished according to the establishment or rejection of the plaintiff's cause of action. That situation certainly indicates an interest of the assignee in the result of the action."

After citing Hilton Bridge Const. Co. v. New York Cent. & H. R. R. Co., 145 N. Y. 396, 40 N. E. 86, and Chapman v. Forbes, supra, in connection with the definition of the word "subject" as employed in the above-cited section of the Code, the court further said (page 56, 4 App. Div., and page 628, 38 N. Y. Supp.):

"Here we have both a definition of the word, viz. that it means 'the subject-matter' of the action, and a statement of the condition under which the third party will be allowed to come in, viz. when the judgment will form an obstacle to any claim which a third party may make against the de-

fendants, which includes both a personal claim and one against property to be applied to the payment of a defendant's debts."

The doctrine stated in the foregoing case was applied in Montague v. Jewelers' & Tradesmen's Co., 44 App. Div. 224, 60 N. Y. Supp. 680. There the action was upon a certificate of membership issued by the defendant to one A. F. Flint, by which it agreed, in consideration of the payment of certain fees, dues, and assessments, to pay "to Henry B. Droz * * * such amount as, upon the death of A. F. Flint, it may be proven by said Henry E. Droz that he was indebted to him at that time, and the remainder, if any, to Rachel Flint, his wife, * * * the sum of $5,000." Droz died on December 7, 1893, and letters testamentary upon his estate were issued to the plaintiff. Flint died on March 13, 1898, and thereafter this action was begun by the plaintiff to recover the entire amount of the $5,000 payable under the certificate of membership. Subsequently, Mrs. Flint moved, under section 452 of the Code, for leave to be made a party defendant on the ground that her husband was not indebted to Henry E. Droz in the sum last above mentioned, and that she, and not the plaintiff, was legally entitled to the money due on the certificate, or to some substantial portion thereof. The motion was granted at special term, and upon the plaintiff's appeal the general term affirmed the order, saying (pages 226, 227, 44 App. Div., and page 681, 60 N. Y. Supp.):

"The section, therefore, applies to the action both at law and in equity, and the question in each case to be determined where the party himself makes the application is whether or not he has an interest in the subject of the action. Here it is sought to recover upon a certificate of membership, and the amount the plaintiff can recover will be limited to the amount of the indebtedness which the representatives of Droz show was due him by Flint. What is over and above that sum is payable to Mrs. Flint, and she has, therefore, a direct interest in the action brought to determine the amount due Droz. The subject of the action being the amount due upon the certificate of membership, in which controversy Mrs. Flint has an interest, she has the right, under the construction heretofore given to section 452 of the Code of Civil Procedure, to be made a party. We held upon the former appeal that the defendant could not compel her to come in; but, as said in Bank v. Hagemeyer, supra, the Code 'has made a new rule, which authorizes a third party, on his own application, but not otherwise, to become a defendant in an action at law under certain circumstances.' "

The case of Delancey v. Stearns, 14 Hun, 50, cited by the respondent, has no application to the present case, for the reason that there the applicants, against their will, were joined as parties defendant in an action against the sureties upon an undertaking on appeal conditioned to pay the rents, issues, and profits, and waste that might accrue during the pendency of the appeal, in the execution of which they did not join. Upon appeal it was held that the action could not be maintained against the appellants, and that hence there was a misjoinder of actions. This decision is in harmony with the rule laid down in the above-quoted cases that the second sentence of said section 452 of the Code is operative only where a person not sued makes application to come in and defend the action, and not where a person is involuntarily made a party defendant, nor where it is sought to bring him in as such. Having established that he had

an interest in the subject of the action within the meaning of the section in question, the court was obliged, under the mandatory terms of said section, to grant the appellant's motion. Whether the appellant can interpose any of the defenses to which he refers in his papers is a matter which we are not called upon to decide on this appeal, and upon which we express no opinion. The judgment of the general term must be reversed, and the order of the special term affirmed, with costs and disbursements in all courts to the appellant.

Order of the general term of the city court reversed, and order of the special term affirmed, with costs in all courts to the appellant. The period specified in the original order having expired, a suitable provision may be inserted in the order on the settlement thereof. All concur.