(65 App. Div. 214.)

**LOPEZ v. KELLOGG et al.**

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

ASSIGNMENTS—IMPLEADING ASSIGNEE—PARTIES—PRIORITIES.

A party who had been impleaded, and who held a fund against which the plaintiff held assignments, was not entitled to a motion compelling plaintiff to bring in parties holding prior assignments on the same fund, where the fund was sufficient to pay such prior assignments and also plaintiff.

Appeal from special term, New York county.

Action by Fidalma Lopez against L. Laflin Kellogg and others. From an order denying motion to bring in additional parties, certain defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

L. Laflin Kellogg, for appellants.
Geo. P. Hotaling, for respondent.

HATCH, J. There is no substantial dispute of facts affecting the rights of the respective parties. The defendants Del Genovese and Towle, as copartners, had a claim against the Third Avenue Railroad Company, and recovered judgment thereon for the sum of $31,880.61, which sum was paid over to the attorneys Kellogg, Rose, and others, and such attorneys now admit having in their possession the sum of $12,575.37. The plaintiff holds two assignments against this fund, amounting in the aggregate to $5,834.51. There are also in existence other parties, holding two other assignments prior in point of time to the plaintiff's. They aggregate $3,328.78. Two other parties hold assignments subsequent to the plaintiff, and there is also a receiver of the individual property of the defendant Del Genovese. The order apppointing this receiver was subsequent to plaintiff's assignment. The fund in the hands of the defendant attorneys is sufficient to pay the assignments prior to plaintiff's and to pay the plaintiff, but is probably insufficient to pay all the claims existing against the fund. By this motion it is sought to compel the plaintiff to bring in all of the claimants upon the fund as parties to the action. The special term denied the motion, and from the order entered upon such denial this appeal is taken.

It is evident that the appellants have no right to insist that these parties shall be brought into the action, as they are not necessary to a determination of the plaintiff's rights. The assignees of the fund take precedence in payment according to the priorities of their assignments. Niles v. Mathusa, 162 N. Y. 546, 57 N. E. 184. The validity of plaintiff's assignments is not questioned, or in any manner attacked, in the moving papers nor in the answer; nor is it suggested that the subsequent assignees have any equities over this plaintiff; nor that, for any reason, their assignments should have equality with the plaintiff's. Neither is it disputed but that the defendants have more than sufficient money in their hands belonging to the assignor to pay the two prior claims and the claim of the plaintiff. The case is barren of any facts tending to, show that either of the assignees sought to be made parties or the receiver make any claim against the plaintiff's assignments. It is not sufficient to show that some other party has a claim to a part of the fund, in order to constitute him a necessary party. The moving party must go further, and show that there is probable danger to the holder of the fund if the other persons claiming a part are not brought into the action, and their rights determined. Steiner v.

Institution, 60 App. Div. 232, 70 N. Y. Supp. 223. There must be some peril to the stakeholder in making payment before he can require other parties to be brought into the action. Montague v. Tradesmen's Co., 41 App. Div. 530, 58 N. Y. Supp. 715. So far as appears from the present record, the defendant attorneys take no risk whatever. The fund is sufficient to more than pay the prior claims and the plaintiff's, and it does not appear that they can be made liable beyond the amount of money in their hands. If the defendant attorneys had desired to relieve themselves from litigation, their remedy was to apply for leave to pay the money into court, and interplead all of the parties making claims upon the fund. There is no present right, however, to compel the plaintiff to search for, serve, or bring in parties whose presence or absence in no wise affects his right to have his claim upon the fund paid.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.