## OPPENHEIMER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.  February 16, 1912.)

PARTIES (§ 51*)—APPLICATION TO BE MADE PARTY—JURISDICTION.

Code Civ. Proc. § 452, authorizing the bringing in as a party of a person having an interest in the subject of the action, does not authorize the court, in an action by a trustee in bankruptcy of a contractor of a city for a municipal building for the balance unpaid on the contract and for extra work completed by the trustee, to order that an assignee of the contractor of sums due or to grow due under the contract be made a party defendant, where the trustee objects thereto, and where his complaint alleges that there are funds in the possession of the city applicable to the payment to the trustee of the sum demanded, and the city certified at the inception of the contract that it had the money to pay.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 77–82; Dec. Dig. § 51.*]

Appeal from Special Term, New York County.

See, also, 133 N. Y. Supp. 743.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and MILLER, JJ.

Eidlitz & Hulse (Frederick Hulse, of counsel), for appellant.

Shaw, Fisk & Shaw (W. W. Shaw, of counsel), for respondent Chelsea Exch. Bank.

CLARKE, J.  Appeal from an order made on the motion of the Chelsea Exchange Bank directing that it be made a party defendant.

The complaint alleges that Gillespie, Walsh & Gillespie had a contract with the city for building the new police headquarters for $662,-250, payable in installments as provided, and that the firm proceeded to perform until December 31, 1907, when a petition that they be adjudged bankrupts was filed. They were adjudicated bankrupts February 17, 1908. The plaintiff was appointed trustee, and authorized to proceed with the work, and did so. The complaint demands $73,548 as a balance unpaid on said contract, and $24,542.35 for certain extra work under subsequent contracts and orders.

The city alleges, in its answer, for a partial defense, that theretofore, and before the commencement of this action, and on or about the 1st day of May, 1907, Gillespie, Walsh & Gillespie, by an instrument in writing and under seal, duly assigned to the Chelsea Exchange Bank of the city of New York the sum of $20,000 of the retained percentages due or to grow due for and by virtue of said contract, and duly delivered said assignment to the Chelsea Exchange Bank and to defendant; that by virtue of said assignment the Chelsea Exchange Bank became entitled to said sum of $20,000, and has all right, title, and interest thereto, and the plaintiff, as trustee in bank-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ruptcy, by reason of the assignment aforesaid, is deprived of all right and title to the said sum. The Chelsea Bank, setting up the same matters, moved that it be made a party defendant.

The learned Special Term granted the motion upon the authority of Gittleman v. Feltman, 191 N. Y. 205, 83 N. E. 969. But in that case the motion was made by plaintiff to bring in as a defendant a third person claimed to be a joint tort-feasor with the other defendants, and the precise question which the Court of Appeals answered in the affirmative was:

"Has the Supreme Court, upon the motion of the plaintiff in an action to recover damages for personal injuries resulting from negligence, the power to bring in as defendant a party not named as a defendant at the time of the commencement of the action, against the objections of the defendants originally made and of the proposed new defendant?"

The court said:

"The true test, doubtless, is as to whether the person could have been joined as a party at the commencement of the action, and whether the plaintiff has given a satisfactory excuse for his failure so to do."

It is evident, we think, that the case cited does not apply. This is a motion, not by the plaintiff, but by the bank, seeking to have itself made a party defendant, and the only statutory authority for such a proceeding is found in the second paragraph of section .452 of the Code of Civil Procedure:

"And where a person not a party to the action has an interest in the subject thereof, or in real property the title to which may in any manner be affected by the judgment, or in real property for injury to which the complaint demands relief and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

In Bauer v. Dewey, 166 N. Y. 402, 60 N. E. 30, plaintiff brought an action to recover $2,500 as compensation for services as a real estate broker. One Delack made a motion to intervene, alleging that he was entitled to one-half the commissions. The Special Term granted an order permitting Delack to intervene, and that order was affirmed by the Appellate Division by a divided court. An appeal was allowed, and this question certified:

"(1) Has the Supreme Court power to compel the plaintiff, in an action in which a money judgment only is sought, and in which the title to specific property is not involved, to bring in as a defendant a third party on his own application, and to order a supplemental summons and complaint served upon him?"

The court unanimously answered that question in the negative, and said:

"The purpose of this action was to recover a debt of the defendant to the plaintiff. The title to no real, specific, or tangible personal property was involved. The claim of Delack was that, by virtue of an agreement between himself and the plaintiff's assignor, he was entitled to one-half of the defendant's debt. * * * If Delack were permitted to become a party to the action, other issues than those involved between the plaintiff and the defendant would be presented. Instead of its being an action merely to determine whether the defendant was indebted to the plaintiff, and, if so, the amount, it would be transformed into an action involving, not only that issue, but the fraud of the plaintiff's assignor, and in effect constitute an action to set aside a receipt or paper signed by Delack. We are of the opinion that section 452 furnishes no authority for such an order."

There is no substance in the claim here that a specific fund is being pursued, because the city certified at the inception of the contract that it had the money to pay, and because the complaint alleges that there are funds in the possession of the defendant applicable to the payment of the said sum to the plaintiff. This is a common-law action to recover a sum due on a contract. If the bank has a cause of action on the assignment, it could have long since sued thereon. Under the Bauer Case, supra, the court has no power, upon the motion of the bank and against the opposition of the plaintiff, to inject it into the case as a party defendant. If it had the power, it ought not to exercise it.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

## OPPENHEIMER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 16, 1912.)

See, also, 133 N. Y. Supp. 741.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

