## HEEBNER *a.* TOWNSEND.

*Supreme Court, First District ; Special Term, April,* 1859.

PLEADING.—SURETIES ON APPEAL.—ACTION ON UNDERTAKING.—DEFENCES.

The complaint in an action on an undertaking given on appeal, alleged that the judgment was recovered prior to the 30th day of July, 1857, and that afterwards, and on or about the 15th of August, the defendant appealed. The answer alleged that " on the 30th day of July the plaintiff issued execution," which was levied on sufficient to pay the judgment.

*Held,* that the allegation must be taken to intend the same 30th of July as that mentioned in the complaint, viz., in 1857; and that therefore the answer did not show any levy subsequent to the giving of the undertaking.

It is no defence to an action on an undertaking that the judgment was a lien on sufficient real property, or that execution had been issued prior to the giving of the undertaking, and levied on sufficient property.

The judgment creditor is not bound to exhaust his remedy on the judgment before enforcing the undertaking.

In an action on an undertaking in the usual form, which does not in terms call for notice to the sureties, of affirmance, nor for demand of payment, it is not necessary to aver or prove notice or demand.

The fact that the defendant has taken and perfected an appeal to the Court of Appeals from the judgment of affirmance, is no defence to an action by the respondent upon the undertaking given on the first appeal.

Demurrer to answer. ·

This action was brought on an undertaking given on appeal in an action in the New York Superior Court. The contents of the pleadings are stated in the opinion.

*Moses Ely*, for the plaintiff.

*S. Sanxay*, for the defendants.

SUTHERLAND, J.—The plaintiff, prior to the 30th day of July, 1857, recovered a judgment in the Superior Court against Samuel P. Townsend for $3597$\frac{4}{100}$.

Afterwards, and on or about the 15th day of August, 1857, the said Samuel P. Townsend appealed from the said judgment to the general term of the Superior Court, and perfected such appeal, so that the same operated under the provisions of the Code as a stay of all proceedings of the plaintiff on the judgment during the pendency of the appeal.

For the purposes of such appeal, and that the same might operate as such stay, the defendants in this action executed the undertaking prescribed by the Code (§§ 335–339, both inclusive, and § 438) for and on the part of the appellant.

On the 3d day of February, 1858, the general term of the Superior Court affirmed the judgment so appealed from, with $63$\frac{56}{100}$ costs, and such judgment of affirmance was duly entered.

No part of the judgment below, or of the judgment for costs on affirmance, has ever been paid.

The plaintiff's complaint in this action, substantially alleging the above facts, demands judgment for the amount of the judgment appealed from, with interest thereon from the 30th day of July, 1857, and for the costs awarded by the general term on the

appeal, with interest thereon from the time of the judgment of affirmance.

To this action on their undertaking, the defendants set up by their answer three distinct matters, each as a defence to the action :

1st. That when they executed the undertaking, Samuel P. Townsend, the appellant, owned real estate upon which the judgment was a lien of more than sufficient value to pay the judgment, and that on the 30th day of July (year not mentioned), the plaintiff issued an execution on the judgment to the sheriff of the city and county of New York, which was levied upon personal or real estate of Samuel P. Townsend, more than sufficient to satisfy the execution.

2d. That no demand was made upon them, or either of them, by or on behalf of the plaintiff before this action was brought.

3d. That Samuel P. Townsend " hath appealed from said judgment in said complaint mentioned to the Court of Appeals, and hath perfected such appeal."

The plaintiff demurs to this answer of the defendants, upon the ground that the answer does not state facts sufficient to constitute a defence to the action.

As to the first matter set up in the answer as a defence—it is to be assumed, I think, that the execution was issued on the judgment before the appeal therefrom to the general term of the Superior Court. The answer says, that the execution was issued on the 30th of July, without mentioning any year, and without alleging whether it was issued before or after the appeal to the general term. The complaint alleging that the judgment was recovered prior to the 30th day of July, 1857, it must be assumed that the 30th day of July mentioned in the answer, is the same 30th day of July mentioned in the complaint, and that the execution was issued before the appeal to the general term, which the complaint alleges was on or about the 15th of August, 1857.

This being so, it is very clear that the issue and levy of the execution constitute no defence to this action on the undertaking. It is true, that as between the judgment creditor and third parties, or other creditors of the judgment debtor, a levy on sufficient property of the judgment debtor to satisfy the execu-

tion is a satisfaction of the judgment (*Ex parte*, Lawrence, 4 *Cow.*, 417), but as between the parties to the judgment, the mere levy is not a satisfaction; and the defendants in this action as sureties for the judgment debtor on his appeal, cannot be third parties.

The appeal to the general term did not supersede the execution and levy, though it probably stayed all further proceeding under the execution during the pendency of the appeal. (*Code,* § 339; Cook *a.* Dickerson, 1 *Duer*, 679; Smith *a.* Allen, 2 *E. D. Smith's C. P. R.*, 259.)

If as between the parties to the judgment, the levy was a satisfaction of the judgment, then there was no judgment to appeal from; and the appeal being for the benefit of the judgment debtor, certainly neither he, nor his sureties on the appeal, can set up that the levy was a satisfaction of the judgment.

The undertaking of the defendants was an independent absolute undertaking, that the appellant would pay all damages which might be awarded against him on the appeal, and if the judgment appealed from, or any part thereof should be affirmed, then that the appellant would pay the amount directed to be paid by the judgment, or the part of such judgment as to which the said judgment should be affirmed, if affirmed only in part. The undertaking may be considered as additional and collateral security for the payment of the judgment required by the statute to be given as a condition of staying the execution of the judgment during the pendency of the appeal. If the judgment be affirmed, and the appellant does not pay it, and his sureties do pay it, they would be entitled to enforce any lien of the judgment or previous levy of an execution for their indemnity; but the undertaking is an absolute undertaking, that the appellant will pay the judgment if it be affirmed, and by its terms precludes the idea that the judgment creditor must first exhaust his remedy under the judgment and execution, before he can resort to his action on the undertaking.

I think, therefore, that the first matter set up in the answer as a defence, is not a defence to this action, and that so far the demurrer is well taken.

As to the second matter set up by the answer, to wit, that the plaintiff has never made a demand of payment of the defendants, or either of them, it is also unavailable as a defence.

This action is a demand. Notice of the affirmance of the judgment by the general term or of the appellant's default in not paying on such affirmance, and demand of payment of the defendants, are not alleged in the complaint, and were not necessary to give the plaintiff a right of action against the defendants on their undertaking. The undertaking does not in terms call for such notice or demand, but is an absolute guarantee that the appellant will pay, &c. The fact of the affirmance of the judgment was as open to the inquiry or knowledge of the defendants, as of either of the parties to the judgment; and they were obliged to take notice of the default of the appellant, as it could have been ascertained by inquiry. As a general rule, no notice or demand is necessary where one guarantees the act of another, unless the contract requires it. The notice required between endorsees and endorsers of bills of exchange and promissory notes is an exception founded on mercantile usage. (Douglas a. Howland, 24 *Wend.*, 49; Berks a. Tippet, 1 *Sandf.*, 32; Brookbank a. Taylor, *Cro. Jac.*, 685.)

As to the third defence set up in the answer—that the judgment debtor hath appealed from the judgment to the Court of Appeals, and hath perfected his appeal—it does not appear when he so appealed, nor does it appear from the answer whether such appeal was perfected before or after this action was brought. If after, it is very clear that such appeal could not affect the plaintiff's right of action at the time he commenced this action; and even if the appeal was perfected before the commencement of the action, I do not see how the defendants can set it up as a defence to the action. The fact of the appeal to the Court of Appeals, might, on the application of the defendants, authorize a stay of proceedings in this action, or upon any judgment therein against them, until the determination of such appeal; but I do not see how they can plead such appeal in bar of the plaintiff's right of action on their undertaking, even if the appeal was perfected before the action was commenced.

Their undertaking was, that if the judgment was affirmed, then that the appellant would pay, not the amount directed to be paid by the appellate court, but by the judgment appealed from; and their answer alleges not that the appellant did pay, but that he appealed.

The perfecting the appeal to the Court of Appeals stayed all

further proceedings in the court below on the judgment appealed from, or upon the matter embraced therein; but this action on the undertaking is not a proceeding on the judgment, or upon any matter embraced therein, but is a proceeding upon an independent collateral instrument or matter.

Most of the questions raised by the demurrer in this case were passed upon by the Superior Court in Burrall *a.* Vanderbilt (6 *Abbotts' Pr. R.*, 70), and I see no reason for dissenting from the views taken by the court in that case.

The plaintiff must have judgment on the demurrer with costs, without prejudice to the right of the defendants to move for a stay of proceedings during the pendency of any appeal to the Court of Appeals taken and perfected by Samuel P. Townsend.