THE PEOPLE ex rel. Kochersperger, County Treasurer,

v.

JOHN H. COLVIN.

*Filed at Ottawa January 19, 1897.*

1. SPECIAL ASSESSMENTS—*when judgment of confirmation is not affected by subsequent orders.* The validity of a judgment of confirmation is not affected by an order entered at a subsequent term, at the instance of the petitioner, vacating the judgment and dismissing the petition, where, at the same term, another order is entered vacating the former order and re-instating the cause.

2. SAME—*what not sufficient objection to application for judgment of sale.* Where a court had jurisdiction to enter a judgment confirming a special assessment, an objection that the record showed that the estimate of the cost of the improvement was made prior to the passage of the ordinance cannot be sustained to the application for judgment of sale for delinquent installments.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

JOHN D. ADAIR, for appellant.

WILLIAM J. DONLIN, and GILBERT G. OGDEN, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county refusing an application by the county collector for an order of sale of property belonging to appellee, returned as delinquent, for an installment of a special assessment levied by the city of Chicago for curbing a portion of Prairie avenue. The objections relied upon as sustaining the judgment below are, that "the special assessment upon which the application is based has not been confirmed as required by law," and that the judgment of confirmation rendered is void.

It is not denied that there was a judgment of confirmation entered on February 19, 1892, but it appears

from the record that on the 25th of April following, a motion of the attorney for the city of Chicago that all orders heretofore entered in said cause be vacated and the petition dismissed was allowed; also, that on the 30th of the same month, on motion of the same attorney, it was ordered "that the order entered herein, dismissing the petition and vacating the orders heretofore entered in said cause, be and the same are hereby vacated and the said cause is hereby re-instated." The contention on the part of the objector is, that the order of April 25 vacated the judgment of confirmation, and that the subsequent order setting aside the vacation and re-instating the cause did not revive the judgment of February 19.

It is insisted on behalf of appellant that the order of April 25, being made after the term at which the judgment of confirmation was rendered, was a nullity for want of jurisdiction of the court to vacate its former judgment, and authorities are cited which are supposed to sustain this contention. We do not think them in point. Here was an attempt on the part of the city, which was the petitioner, to vacate a judgment in its own favor and dismiss its own proceeding, and, if the case was upon the docket at the April term, we know of no rule of law which would prevent the court from permitting it to do so if it saw fit. If, however, it had jurisdiction at that term to make the order, it would seem clear that if the parties were still before the court, (and there is nothing in this record to show that they were not,) it also had jurisdiction to make the second order vacating the first. When the first order was set aside and the cause re-instated upon the docket it was there just as it would have been if the order of April 25 had never been made. There was, in our opinion, an order or judgment of confirmation of the assessment by the county court.

The second objection is based upon the contention that the record shows that the estimate of the cost of the improvement was made prior to the passage of the ordi-

nance. It is true, the certificate of the city clerk shows
that the ordinance authorizing the improvement was
passed on the 4th day of January, 1892, whereas the esti-
mate of the commissioners was approved on the 26th day
of October, 1891, which, of course, was several months
prior to the passage of the ordinance. The report of the
commissioners, however, shows that the estimate was
made under an ordinance previously passed, and when
the whole record is considered we think it sufficiently
appears that the statement of the clerk that the ordi-
nance was passed January 4, 1892, was a mistake. But
if it were otherwise, we think it clear that this objection
is one which could not be properly made for the first time
upon application for judgment of sale for the delinquent
assessment. Section 39, article 9, chapter 24, of the Re-
vised Statutes of 1874, provides that the report of a
delinquent special assessment by the collector "shall be
*prima facie* evidence that all the forms and requirements
of the law in relation to making said return have been
complied with, and that the special assessment men-
tioned in said report was due and unpaid; and upon the
application for judgment upon such assessment no de-
fense or objection shall be made or heard which might
have been interposed in the proceeding for the making
of such assessment or the application for the confirma-
tion thereof." It is not claimed that the court did not
have jurisdiction of the cause and of the parties when
the judgment of confirmation was entered, and we have
frequently held that, where such jurisdiction appears, no
objection which could have been urged against the con-
firmation can be made against the petition of the col-
lector for judgment of sale, which decisions simply give
effect to the foregoing statute. (*West Chicago Street Rail-
road Co.* v. *People*, 156 Ill. 18, and cases cited; *Kimball* v.
*People*, 160 id. 653, citing *Fisher* v. *People ex rel.* 157 id. 85.)
It cannot be contended that this second objection, if valid,
was not available to the objector upon the application

for confirmation of the special assessment, and this case forcibly illustrates the wisdom of the statute and decisions above cited. If, as we think it may be fairly inferred from the record, the date January 4, 1892, was a mistake inadvertently made by the city clerk, it could then have been readily corrected without defeating the assessment.

In our opinion neither of the objections interposed in the court below was valid, and the court erred in sustaining them and refusing the judgment applied for.

The judgment will be reversed and the cause remanded, with directions to the court below to enter a judgment of sale as applied for.

*Reversed and remanded.*