(29 Misc. Rep. 295.)

EPSTEIN et al. v. UNITED STATES FIDELITY & GUARANTY CO.

(Supreme Court, Appellate Term.    October 25, 1899.)

1. ATTACHMENT—ACTION ON BOND—ORDER VACATING ATTACHMENT.
    Where the assignee of a claim for damages by one whose property has been attached brings an action to recover damages therefor after the attachment has been vacated, and subsequent to the bringing of the action the order vacating the attachment is vacated, which last order was by a subsequent order vacated, the action is not prematurely brought.

2. SAME—DAMAGES—DEMAND ON SURETY.
    Plaintiff in an action on an attachment bond to recover damages need not, as a condition precedent to the right to sue, show a demand for the payment of the damages which he has sustained.

3. SAME—ATTORNEY'S FEES.
    In an action on an attachment bond the value of the services of an attorney retained to vacate the attachment is a proper element of damages for which plaintiff can recover, whether paid or merely incurred.

4. SAME—VACATION OF ATTACHMENT—NOTICE.
    Service on plaintiff of a notice of the order vacating the attachment is not a condition precedent to the maintenance of a suit on the attachment bond.

5. SAME—PAROL ASSIGNMENT OF BOND.
    A cause of action arising out of a breach of an attachment bond may be assigned by parol.

6. CHAMPERTY AND MAINTENANCE—ATTORNEY—PURCHASE OF CAUSE OF ACTION.
    Code Civ. Proc. §§ 73, 76, which prohibit an attorney from buying a thing in action with intent to bring an action thereon, except in payment for services rendered, do not prohibit the assignment by a client to her attorney of a cause of action on an attachment bond for services rendered in vacating the attachment.

Appeal from city court of New York, general term.

Action by Jesse S. Epstein and another against the United States Fidelity & Guaranty Company. From a judgment of the general

term (58 N. Y. Supp. 1135) reversing a judgment in favor of plaintiffs, plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Epstein Bros. (Jesse S. Epstein, of counsel), for appellants.

Dowe, Murray & Hartridge (Clifford W. Hartridge, of counsel), for respondent.

FREEDMAN, P. J. On the 20th day of September, 1898, in an action begun in the city court, in which the Winthrop Press was the plaintiff and one Elizabeth Alces was the defendant, a warrant of attachment was issued against the property of the defendant. An undertaking in the usual form was given by the plaintiff in that action, and this defendant was the surety therein. On the 24th day of September, 1898, an order was made at a special term of the city court vacating the warrant of attachment. Elizabeth Alces on that day assigned to these plaintiffs her cause of action and right to recover damages under the undertaking, and on the same day the plaintiffs began this action against the defendant to recover those damages. Subsequently, and upon September 28, 1898, an order was obtained from the special term of the city court which set aside the first order vacating the attachment. Again, and on October 12, 1898, still another order was made at special term, aforesaid, which vacated, set aside, and annulled the second order, of September 28th, and which provided that the first order, of September 24th, which vacated the attachment, should be in all respects "confirmed and rendered in full force and virtue." The two orders last mentioned were made after the commencement of this action, and before the trial thereof. This case was tried before a jury, and upon the trial the plaintiffs proved the making and entering of the foregoing orders, and in addition thereto the assignment of the claim for damages from Elizabeth Alces to them; also, that they had retained counsel, at the request of Mrs. Alces, for the purpose of procuring the vacating of the attachment, for which they had agreed to pay the sum of $150; that they had paid such sum after this action was begun by them; the value of their own services in the matter of the vacating of the attachment; and that they had not been paid for their services, nor the amount paid by them for counsel. The defendant offered no evidence, except that no demand had been made upon it for payment of the damages sustained by Mrs. Alces before this action was commenced, which fact was not disputed. At the close of the plaintiffs' case and at the close of the whole case the defendant moved for a dismissal of the complaint upon the grounds hereinafter referred to, which motion was denied. The case was submitted to the jury, who found a verdict for the plaintiffs in the sum of $175. Upon appeal by the defendant to the general term of the city court, the judgment was reversed and a new trial ordered; and from that order of reversal the plaintiffs appeal to this court, stipulating that, if the order of the general term is affirmed, judgment absolute may be entered against them.

The reasons given by the general term of the city court for a re-

versal of the judgment are that the action was prematurely brought, that no demand had been made upon the defendant prior to the bringing of the action, that the defendant cannot be held under the obligation assumed by it until the damages provided for in its undertaking have been actually paid, and that no notice of the making of the order of September 24, 1898, vacating the warrant of attachment, had ever been served upon the defendant.

It is undisputed that at the time this action was commenced the plaintiffs had a right of action against the defendant herein, unless the order of September 28, 1898, vacating the order of September 24, 1898, which order was in turn vacated by the order of October 12, 1898, wholly extinguished the original cause of action arising from a breach of the undertaking given by defendant in the attachment proceedings. At the time this action was commenced the plaintiffs stood in the same relation to this defendant, and had the same cause of action against it, that Elizabeth Alces, their assignor, had prior to the assignment by her of her right of action to them; and the making of the order of September 24, 1898, vacating the warrant of attachment, gave her an immediate right of action against the surety. Freeman v. Young, 3 Rob. 666. The effect of the last order, of October 12, 1898, vacating the order of September 28, 1898, left the original order, of September 24, 1898, vacating the attachment, in full force and virtue. "Where an irregular order has been vacated, it is held to be the same as though it never existed." Farnsworth v. Telegraph Co. (Sup.) 6 N. Y. Supp. 735–747. This action was therefore not prematurely brought, because a cause of action existed in favor of Mrs. Alces, and, by virtue of her assignment of that cause of action, in favor of the plaintiffs, at the time this action was commenced. While the order of September 28, 1898, was in force, and until vacated by the order of October 12, 1898, the action and any proceeding taken therein were merely suspended, and the subsequent vacating of that order restored the order of September 24, 1898. "Vacating a vacatur operates as a revival of the order previously vacated" (People v. Colvin, 165 Ill. 67, 46 N. E. 14; 15 Enc. Pl. & Prac. p. 359, and cases cited), and therefore revived the cause of action already accrued, and temporarily in abeyance by the order of September 28, 1898. Neither was it necessary that a demand should have been made upon the defendant for the payment of damages before an action could be begun. "The engagement of the surety is an absolute one, and no demand was necessary." Wilson v. Field, 27 Hun, 46; Currie v. Riley, 14 Wkly. Dig. 407. The action itself is a demand. Heebner v. Townsend, 8 Abb. Prac. 234. It was also sufficient to show that the plaintiffs' assignor had incurred a liability, without showing that it had been paid. Grounse v. Railroad Co., 32 Hun, 497. And the value of the services of counsel retained to vacate the attachment was a part of the damages sustained. Baere v. Armstrong, 26 Hun, 19; Bishop v. Hendrick, 82 Hun, 334, 31 N. Y. Supp. 502; Northrup v. Garrett, 17 Hun, 497.

The reason given by the general term as a ground for reversal, "that no notice of the vacating order was ever served upon the defendant," is untenable. Orders take effect as of the time when

they are made and entered. 15 Enc. Pl. & Prac. p. 359, citing cases.

The point raised by the respondent, in the brief of counsel, that "obligations arising under sealed instruments cannot be assigned by parol," is not well founded; for it has been held that a right of action for damages sustained, and provided for by undertakings of this character, may be assigned by parol. Bamberger v. Kahn, 43 Hun, 411. Neither does the assignment of the cause of action by Mrs. Alces to the plaintiffs come within the prohibition of section 73 of the Code of Civil Procedure, as it is made exempt by the provisions of section 76 of the Code. None of the exceptions taken during the trial by the defendant present error requiring a reversal of the judgment, and for the reasons stated the order of the general term must be reversed.

Order of the general term of the city court reversed, with costs, and judgment of the trial term of the city court affirmed, with costs.

LEVENTRITT, J., concurring.

MacLEAN, J. I concur in the reversal of the order of the general term, and in the affirmance of the judgment entered at the trial term, on the grounds that the vacation (originally and as restored) of the attachment was the happening of the condition of the undertaking, and gave the defendant in Winthrop Press v. Alces a right of action against the maker of the undertaking, the defendant herein, and that the testimony of one of the attorneys of Alces that she had transferred her right of action to him and his partner in payment for services, coupled with the production of the undertaking upon the trial, was evidence sufficient to submit to the jury the question of the assignment of the undertaking and the action thereupon, which assignment might be by parol. Prescott v. Hull, 17 Johns. 284, 292; Hooker v. Bank, 30 N. Y. 83; York v. Conde, 61 Hun, 26, 29, 15 N. Y. Supp. 380.