### MARKS v. MASSACHUSETTS BONDING & INS. CO.

(Supreme Court, Appellate Term. June 25, 1909.)

1. ATTACHMENT (§ 350*)—ACTION ON BOND—EVIDENCE.
   In an action on an attachment bond, it is sufficient to show that plaintiff incurred a liability, without showing that it had been paid.
   [Ed. Note.—For other cases, see Attachment, Dec. Dig. § 350.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexc.

2. ATTACHMENT (§ 351*)—LIABILITY ON BOND—COUNSEL—SERVICES.

The value of the services of counsel retained to vacate an attachment is a part of the damages sustained thereby, within the meaning of an attachment bond.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 1294; Dec. Dig. § 351.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Daniel Marks against the Massachusetts Bonding & Insurance Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Hollander, Bernheimer & Bernheimer, for appellant.

Charles Pope Caldwell (J. Edward Murphy, of counsel), for respondent.

MacLEAN, J.  Orally pleading, the defendant answered "General denial" to the plaintiff's complaint, "Action on bond," and after trial judgment was rendered by the trial justice. in favor of the defendant. Theretofore, as appears from the record in an action in the Supreme Court entitled W. R. Howard & Co. v. Daniel Marks (no written opinion), the plaintiff therein obtained an attachment, and the defendant herein became surety on a bond reciting:

"That if the defendant recover judgment in this action, or if the warrant of attachment is vacated, the plaintiff above named will pay all costs which may be awarded to the above-named defendant, and all damages which the said defendant may sustain by reason of the said attachment, not exceeding the sum of two hundred and fifty ($250.00) dollars."

The attachment was subsequently vacated upon motion of the defendant, who is plaintiff herein, and who, by a fair preponderance of evidence, uncontradicted, established liability on the part of the defendant herein; a member of the firm of attorneys who represented him in said attachment proceedings testifying as follows:

"No amount of compensation for such services has ever been determined or agreed upon between Daniel Marks and the firm of Hollander, Bernheimer & Bernheimer, or any one of them. * * * The amount of the claim put forth by ourselves for such services is $250. * * * Q. (by defendant's counsel). Did you give the fair and reasonable value of the services? A. I stated the fair and reasonable value of the services to be about $250. * * * All the services set forth in the bill of particulars, all the services rendered by my firm—that is, by Mr. Bernheimer and myself, as testified to—I consider are worth, approximately, $250. * * * Q. Have you made any charge to the client for this money? A. No. Q. Not a cent? A. No. * * * Q. (by the court). But you have not, up to this time, made a specific charge? A. We haven't sent him a bill. * * * (Volunteered) I would state that we have made no charge to Daniel Marks; that we will look to him for payment. * * * We have not determined how much the bill will be, but that it will be reasonable in amount, in our opinion. Q. (by defendant's counsel). The charge that you will make to Mr. Marks will be determined somewhat upon the judgment you obtain in this action, will it not? A. Yes; we will make no further charge, because the court has said that is what we are entitled to, and we will abide by it. Q. That is all you will charge him? A. We will

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

consider whatever judgment we have here in satisfaction of our claim against him; the court having said that is the reasonable amount."

The defendant moved to dismiss—

"on the ground there is no evidence here to show that the plaintiff has incurred any damage whatsoever by reason of the warrant of attachment. The fact that a charge is going to be made against him some time, but has not been made against him, does not bind these defendants."

The court reserved its decision, and the defendant rested after calling one witness, whose testimony, it was stipulated, would be "that the order in question was signed at 10:15 o'clock on the morning of December 8th, and that the services of the plaintiff's attorneys are of the reasonable value of $25," and that he would further testify "that he made a copy of this order of vacatur, and served it on the attorneys for Mr. Marks, on the same day; that he mailed it on December 8th."

Upon this evidence, the justice below was not justified in rendering judgment in favor of the defendant, because it was sufficient to show, as held by this court in Epstein v. U. S. Fidelity & Guaranty Co., 29 Misc. Rep. 295, 298, 60 N. Y. Supp. 527, following Crounse v. Syracuse, C. & N. Y. R. R. Co., 32 Hun, 497, which was affirmed, without opinion, in 97 N. Y. 631, that the plaintiff had incurred a liability, without showing that it had been paid, and the value of services of counsel retained to vacate the attachment was a part of the damages sustained. The judgment must therefore be reversed, and the cause remanded.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.