(67 Misc. Rep. 603.)

### ISAACS et al. v. ILLINOIS SURETY CO.

(Supreme Court, Trial Term, New York County. May, 1910.)

UNDERTAKINGS (§ 3*)—LIABILITY PENDING APPEAL.

Where an undertaking provided that, if plaintiffs recovered judgment against defendant, the surety on the undertaking will pay the same and plaintiffs recover judgment, an action lies on the undertaking pending an appeal from the judgment, though issue of execution has been stayed.

[Ed. Note.—For other cases, see Undertakings, Dec. Dig. § 3.*]

Action by Louis M. Isaacs and others against the Illinois Surety Company. Judgment for plaintiff.

See, also, 123 N. Y. Supp. 1122.

Leo G. Rosenblatt, for plaintiffs.
B. Gerson Oppenheim, for defendant.

BISCHOFF, J. The obligation of the defendant, assumed by the undertaking in suit, was "that, if the plaintiffs recover judgment against the Haines Realty Corporation, the Illinois Surety Company will pay the said judgment and costs not exceeding $8,000." A judgment exceeding $8,000 was recovered, as admitted by the pleadings, but the defense to this action is that execution was stayed for 10 days, pending an appeal, which stay was extended by the giving of a statutory undertaking; hence it is contended that the judgment was not of a final or enforceable character when this action was brought, and that the defendants' obligation had not attached. This contention overlooks the actual condition of the defendants' undertaking, and proceeds upon certain judicial expressions in cases which are quite dissimilar.

Peck v. Hotchkiss, 52 How. Prac. 226, and Nebenzahl v. Townsend, 10 Daly, 232, referred to for the defendant, did not arise upon a surety contract; and, so far as they may indicate that a judgment obtained after trial before a court of competent jurisdiction is not final for the purposes of collateral proceedings, these authorities must be deemed to have been overruled by Marks v. Townsend, 97 N. Y. 590, 595. The cases of Ferber v. Smith, 53 Hun, 635, 6 N. Y. Supp. 446, and Powell v. Bursky, 39 Misc. Rep. 533, 80 N. Y. Supp. 480, suggesting, obiter, that a stay on appeal from a judgment for defendant an attachment suit is a defense to an action upon the attachment ertaking, are opposed to the rule directly applied in Heebner v. nsend, 8 Abb. Prac. 234, and Burrall v. Vanderbilt, 6 Abb. Prac. The defendant's liability attached at once to the "recovery" of ent, according to the expressed terms of the undertaking, and ility, when no further conditions were expressed, did not de-on the supplying of any greater attributes of finality to that

judgment through an affirmance upon appeal. Wadsworth v. Green, 1 Sandf. 78.

In the event of the reversal of a judgment obtained, the right of action on the undertaking would be defeated (Ball v. Gardner, 21 Wend. 270; Bennett v. Brown, 20 N. Y. 99); but this situation is not present here, the question being simply as to whether, pending the appeal and during the stay, this action was prematurely brought. Since proceedings collateral to a judgment are not affected by a stay of proceedings under the judgment (see 20 Ency. of Pl. & Pr. 1240), and since, as I have noted, the defendant's obligation was expressed to attach upon the recovery of judgment, my conclusion is that the plaintiffs are entitled to judgment for the amount demanded in the complaint.

Form of decision and judgment to be presented accordingly on notice of settlement

Judgment accordingly.