N. V. TRANSANDINE HANDELMAATSCHAPPIJ et al., Plaintiffs, *v.* MASSACHUSETTS BONDING & INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, New York County, March 23, 1943.

*Jay Leo Rothschild* and *Louis Rifkin* for plaintiffs.

*John Schulman* and *Harold Epstein* for defendant.

SHIENTAG, J. Plaintiffs have moved for an order, pursuant to rule 113 of the Rules of Civil Practice, for summary judgment and to strike out each of the defenses pleaded in defendant's answer, pursuant to rule 109. The defendant, in addi-

tion to contesting these motions, has, pursuant to rule 112, by cross motion asked that the complaint be dismissed upon the ground that it fails to state facts sufficient to constitute a cause of action. Both motions raise the same issues.

In July, 1940, Harold Anderson, as assignee of one Tietz, sought to sue the plaintiffs in this action for conversion of securities and foreign currency. Since those plaintiffs were citizens and residents of Holland, Kingdom of the Netherlands, Anderson sought to obtain jurisdiction in the Supreme Court, New York County, by attachment and levy against personal property located in the city of New York standing in the name of the present plaintiffs.

Prior thereto, on May 10, 1940, an Executive Order was issued by the President of the United States, prohibiting transfers of credits involving assets of nationals of The Netherlands, without prior license. [Executive Order No. 8389, as amd.; 5 Federal Register, p. 1400, 6 Federal Register, p. 2897.] On May 24, 1940, while the funds and securities were still on deposit in the city of New York, the Royal Netherlands Government, resident in Great Britain, issued a decree which provided, in part, that title to claims belonging to all persons domiciled in The Netherlands " is hereby vested in the State of the Netherlands ", and further provided that: " Three months after the present emergency conditions shall in Our judgment have ceased to exist, restitution shall be made of the claims mentioned in Article I to the former owners."

In that first proceeding, the plaintiffs herein appeared specially and moved to vacate the attachment, the levy thereunder and the service of the summons by publication. This court, at Special Term, granted the motion on the ground that the Netherlands decree had vested title in the Netherlands Government and that the property was therefore not subject to attachment in a claim against these plaintiffs. (*Anderson v. N. V. Transandine Handelmaatschappij*, 28 N. Y. S. 2d 547.) The Appellate Division affirmed the order without opinion (263 App. Div. 705), and subsequently it was affirmed by the Court of Appeals (289 N. Y. 9).

This is an action brought by the plaintiffs to recover on bonds issued by the defendant bonding company to enable Anderson to procure the warrant of attachment in the previous suit instituted by him against these plaintiffs. Each of the attachment bonds was in the form prescribed by the Civil Practice Act (§§ 819, 907), which requires that the undertak-

ing shall be to the effect that if the defendant recovers judgment, or if the warrant is vacated, the plaintiff will pay defendant's costs and damages sustained by reason of the attachment. In order to make the motion to vacate the attachment, it was necessary for the plaintiffs herein to engage counsel, to obligate themselves for counsel fees, and to incur disbursements.

Prior to interposing its answer, the defendant in this action moved to dismiss the complaint on the ground that plaintiffs are enemies within the meaning of the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 1 et seq.) because they are residents of Holland, which is now occupied by Germany. That motion was denied by Justice COLLINS (N. Y. L. J. Nov. 19, 1942, p. 1527).

Each of the bonds provides " * * * that if the defendant * * * recover judgment, or the warrant of attachment is vacated, the plaintiff will pay all costs which may be awarded to the defendant * * * and damage which it may sustain by reason of the attachment * * *."

Defendant surety company argues that, since there was no levy upon property to which at the time the plaintiffs herein had legal title, none of the legal expenses incurred may be recovered. But the damage contemplated within the coverage of the bond is not that resulting solely from distraint of the plaintiffs' property, and includes legal expenses. (Krall v. Howard, 37 Misc. 832.) (And see Tyng v. American Surety Co., 174 N. Y. 166; Thropp v. Erb, 255 N. Y. 75; Currie v. Riley, 14 Weekly Dig. 407.) This is demonstrated by the terms of the bond itself, and by the language of the applicable statutes. (Civ. Prac. Act, §§ 819, 907.) It is true that the motion to vacate must be seasonably made (Olsen v. United States Fidelity & Guaranty Co., 230 N. Y. 31), and must not have been undertaken needlessly. (Saltzman v. Indemnity Ins. Co. of N. A., 274 N. Y. S. 806.) But this motion was necessary to protect the right to restitution which the plaintiffs had in the assets under the Royal Netherlands Government decree, for under that decree there was an assumed undertaking on the part of the Royal Netherlands Government to act as conservator for the plaintiffs pending the war, and after its cessation to make restitution to them. That obligation constituted an interest which plaintiffs had a right to protect for their own benefit. The motion by the plaintiffs to vacate the attachment was also necessary to avoid the possible entry of a default judgment against them.

Defendant further urges that if there be a claim, it is the property of the Royal Netherlands Government under the decree of May 24, 1940, and that the plaintiffs are not the real parties in interest. But that contention confuses the right in the property upon which levy was made for purposes of the underlying action, with the ownership of the causes of action created by the defendant surety company's bonds. The first comes directly within the scope of The Netherlands decree. The second, arising in our own jurisdiction and occasioned by our own procedure, is governed by our law and was never intended to be covered by the decree of the Royal Netherlands Government. (*Vladikavkazsky Ry. Co.* v. *New York Trust Co.*, 263 N. Y. 369, 378; *Moscow Fire Ins. Co.* v. *Bank of N. Y. & Trust Co.*, 280 N. Y. 286; *Clark* v. *Williard*, 292 U. S. 112, 121, 294 U. S. 211, 214; *United States* v. *Belmont*, 301 U. S. 324, 334; *Fischer* v. *American United Life Ins. Co.*, 314 U. S. 549, 553, 555.)

It is significant that the Department of State, in a formulation of its policy regarding recognition of the decree of the Royal Netherlands Government, excluded, for the time being at any rate, those claims arising within the United States. (See *Anderson* v. *N. V. Transandine Handelmaatschappij*, 289 N. Y. 9, 15–18.) Here, the claims of local citizens still remain unsatisfied. (Cf. *United States* v. *Pink*, 315 U. S. 203, 225–226.) As indicated in the affidavits submitted by the plaintiffs, such damages as will be recovered are for the purpose of satisfying the claim of plaintiffs' attorney for legal services rendered in connection with the vacatur of the warrant of attachment. (*Schoenherr* v. *Van Meter*, 215 N. Y. 548; *Jessup* v. *Smith*, 223 N. Y. 203; *Lazenby* v. *Codman*, 116 F. 2d 607; and see the opinion of Mr. Justice COLLINS, denying the application of the attorney for the plaintiffs to intervene as a party, in *N. V. Transandine Handelmaatschappij* v. *Mass. Bonding & Ins. Co.*, N. Y. L. J. Nov. 19, 1942, p. 1527.) To disregard the interest of these local claimants would be opposed to the public policy of the State of New York and would certainly not foster the purpose for which the Royal Netherlands Government promulgated its decree. It would result in the extension of a doctrine with relentless disregard of consequence to a dryly logical extreme.

Plaintiffs' motion for summary judgment and for an assessment of damage is granted. Settle order.