## FUCHS v. HARTFORD ACCIDENT & INDEMNITY CO.

United States District Court,
S. D. New York.

Nov. 14, 1950.

Katz, Wittenberg & Katz, New York City, Frank G. Wittenberg, New York City, of counsel, for plaintiff.

Amen, Gans, Weisman & Butler, New York City, John Harlan Amen, James Lawrence Garrity, New York City, of counsel, for defendant.

GODDARD, District Judge.

Plaintiff seeks summary judgment in an action brought against defendant, Hartford Accident and Indemnity Company, on the latter's undertaking issued in aid of attachment. It is undisputed that the bond, for the sum of $5,000, was posted in support of a warrant of attachment obtained by the Republic of Poland against plaintiff and others, and was vacated in so far as it affected the property of the plaintiff herein, individually. Damages allegedly suffered by plaintiff are $4,214.47 for counsel fees and disbursements respecting legal services rendered in connection with plaintiff's motion to vacate the attachment. Such expenses, if proved, are legitimate items of recovery. Plessner v. Continental Casualty Co., Sup.1948, 82 N.Y.S.2d 540; N. V. Transandine Handelmaatschappij v. Massachusetts Bonding & Ins. Co., 1943, 181 Misc. 202, 40 N.Y.S.2d 499; Marks v. Massachusetts Bonding & Ins. Co., Sup. 1909, 117 N.Y.S. 1019.

The Hartford Company has interposed a number of defenses to the action. Among these is a disclaimer of liability on the ground that there is no consideration for the surety's obligation. It contends that the Republic of Poland, as a friendly foreign sovereignty, was not required to post an attachment undertaking; that, inasmuch as the bond was gratuitously given, the defense of lack of consideration is available to the surety.

Ordinarily, the provisions of the New York Civil Practice Act are controlling, Rule 64, Fed.Rules Civ.Proc. 28 U.S.C.A., and by its terms a foreign sovereignty is not exempt from furnishing security. The Act excludes only actions "* * * brought by the people of the state, or by a domestic municipal corporation; or by a public officer, in behalf of the people or of such a corporation * * *." New York Civil Practice Act, §§ 162, 819.

Defendant asserts that the failure of New York State to extend exemption to a friendly foreign sovereignty is in contravention of international law. Perhaps this would be true if New York were to adopt procedures prejudicial to a foreign sovereign choosing to utilize her courts. But, with reference to procedural requirements applicable generally to all litigants, the foreign sovereign, in electing to sue, must be considered to have accepted the rules of the forum. United States v. Guaranty Trust Co. of New York, 1938, 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224. Accordingly, the Republic of Poland did not act gratuitously in providing security in connection with its attachment warrant.

Defendant further contends that the Republic of Poland is an indispensable party to the suit against the surety. It is claimed that the sovereign's interests will be conclusively determined, and, hence, it must be joined in the action.

Where the principal is not a sovereign, action may be brought directly against the surety on his undertaking, but the principal is deemed to have a sufficient interest in the subject matter to entitle him to intervene. Kinney v. Reid Ice-Cream Co., 1901, 57 App.Div. 206, 68 N.Y.S. 325 [2nd Dept.]; Feinburg v. American Surety Co. of New York, 1900, 33 Misc. 458, 67 N.Y.S. 868. Those authorities cited by defendant are not persuasive that a special criterion of indispensability applies to sovereigns, or that the rule should be altered in favor of the foreign sovereign in this case. The Republic of Poland is not bound by the action to any greater degree, nor is more interested, than would be a private principal.

Were the sovereign to be excepted from the general rule, plaintiff would be without recourse unless the Republic of Poland voluntarily joined in the suit. It seems sufficient protection to the sovereign that, if it be so disposed, it may intervene in the action as a party defendant. Moreover, the deposition of Mr. Friedrich, an employee of the Hartford Company, indicates that the surety was prudent enough to secure cash collateral from the principal to the full extent of the undertaking—a prerequisite prompted by the status of the principal. Thus, it appears eminently proper not to consider the Republic of Poland an indispensable party to this suit.

A third defense raised by the surety characterizes. plaintiff's suit as premature. Defendant points out that the action in which the warrant of attachment originally issued has not yet terminated; that this suit, being ancillary to the main action, should await final judgment therein, especially since the right to review the vacating order will only then accrue.

 The law of New York, in this regard, fails to support defendant's position. The right of action on the undertaking matures as soon as the attachment is set aside. Freeman v. Young, 26 N.Y.Super.Ct. 666, 668 [Spec.Term.1864]; Epstein v. United States Fidelity & Guaranty Co., 1899, 29 Misc. 295, 60 N.Y.S. 527; Carmody's New York Practice, Vol. 7, Par. 576, p. 678 [2d. Ed. 1932], and interest commences to run from that date. Plessner v. Continental Casualty Co., supra. Furthermore, it has been held that it is no valid defense to such an action that an appeal from the order vacating the attachment is still pending, unless an actual stay of proceedings has been obtained. Feiber v. Smith, Sup.1889, 6 N.Y.S. 446. Consequently, there seems no justification for this court to restrain plaintiff from pursuing his remedy once his claim accrues.

Finally, defendant asserts that plaintiff's complaint fails to state a claim upon which relief can be granted because the condition in the undertaking determinant of defendant's liability has not been strictly fulfilled. The terms of the condition are as follows:

"* * * if the *Defendants* recover judgment in this action, or if the warrant of attachment is vacated * * *." [Emphasis supplied.] The surety contends that since the warrant has not been vacated as to all defendants, it is not obligated to plaintiff on the bond.

The condition of the Hartford Company's undertaking differs, in so far as is here material, from the terms prescribed by the Civil Practice Act in using the plural— "Defendants"—whereas the statute is phrased in the singular. See New York Civil Practice Act, § 907. Nevertheless, the bond was approved as to form by a judge of this court. To adopt defendant's construction would mean that, in fact, the bond did not supply that measure of protection which it seems evident the New York Statute requires.

The case of Gilmore v. Crowell, 1873, 67 Barb. 62 [1st Dept.], is closely analogous to the one at bar. Therein, an undertaking had been furnished to release property that had been attached. The bond was conditioned to pay the amount of the judgment which might be recovered against defendants, and it occurred that judgment was obtained against some of them, but not all. The lower court dismissed the complaint against the sureties on the ground that recovery from all defendants was an essential prerequisite to liability on the bond. This decision was reversed. The court reasoned that the statute, pursuant to which the undertaking had been given, was designed to protect plaintiffs in any recovery; that the parties must be presumed to have contracted with reference to its terms; and that its purpose was an element in ascertaining the intent of the parties and the fair scope of the contract.

For similar reasons, a dismissal of plaintiff's complaint herein is not warranted. However, the granting of summary judgment would also be erroneous in view of the bond's ambiguous language. Defendant should not be foreclosed of an opportunity to submit evidence probative of an intent to limit liability to the extent it claims. Even were it clear that defendant is liable to plaintiff, there remains the uncertainty

as to whether the obligation to plaintiff reaches the full sum of the bond or only that fraction of the total consistent with an equal share for each of the defendants in the main action whom the attachment undertaking secured. These factual matters may best be determined upon trial, and the decision as to them, together with the issue of plaintiff's actual loss, is properly left until then.

Motion denied. Settle order on notice.