EUGENE W. WILCOX et al., Respondents, v. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant. ALICE A. LOTT, Appellant.

*Parties — when divorced wife neither necessary nor proper party to action to recover upon policies of life insurance issued upon life of her deceased former husband.*

*Wilcox* v. *Mutual Life Ins. Co.*, 203 App. Div. 874, affirmed.

(Argued February 28, 1923; decided April 17, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 4, 1922, which reversed an order of Special Term directing the plaintiffs to serve an amended summons and complaint bringing in Alice A. Lott as a party defendant and permitting her to appear and answer setting up her alleged interest in this action, which was brought to recover upon policies of life insurance issued upon the life of the former husband of appellant from whom she had been divorced upon the ground of her adultery.

The following questions were certified: " 1. Does the

language of section 1761 of the Code of Civil Procedure apply to the petitioner, Alice A. Lott, against whom a divorce was granted prior to the time when such section took effect? 2. If said section is construed to apply to said petitioner, Alice A. Lott, is it constitutional? 3. Is Alice A. Lott a necessary party to this action? 4. Is Alice A. Lott a proper party to this action?"

*Frank F. Williams* for appellant.

*Charles G. Signor* for respondents.

Order affirmed, with costs; first and second questions certified not answered; other questions certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN and ANDREWS, JJ. Not voting: CARDOZO, J.

CRANE, J. (dissenting). The Mutual Life Insurance Company of New York issued two insurance policies upon the life of Eugene W. Wilcox, payable upon his death to his wife, Alice A. Wilcox. One policy was issued on the thirteenth day of February, 1882, and numbered 227,435 in the sum of $2,000, and the other issued on the fifth day of December, 1883, and numbered 247,099 in the sum of $3,000. Both policies by arrangement with the defendant became paid-up policies, the first for $1,065, and the second for $720. These were payable, as were the original policies, to Alice A. Wilcox, wife of the insured. Eugene W. Wilcox procured an absolute divorce from his wife on the third day of May, 1912, in the Supreme Court in the state of New York. Thereafter by chapter 536 of the Laws of 1913, section 1761 of the Code of Civil Procedure was amended so as to read, as alleged in paragraph 9 of the complaint herein, as follows:

" Whenever the relation of husband and wife ceases by the entry of a judgment dissolving the marriage, the defendant guilty of adultery is not entitled to any interest in any policy of insurance on the life of the plaintiff, wherein such defendant is named as a beneficiary, and the plaintiff may apply to the court granting the final decree or to a Special Term of the Supreme Court on notice to the

defendant, or the attorney who appeared for defendant in action for divorce, and to the insurance company issuing the policy or policies for an order directing the insurance company issuing the policy or policies to substitute therein such beneficiary as the plaintiff may nominate. In case where it is shown that the defendant has contributed from his or her separate estate toward the payment of the premium, on such policy, the court shall grant such order on such terms as in the discretion of the court shall be equitable. This section shall also apply in like manner when the defendant obtains a decree against the plaintiff on a counterclaim."

The children of Eugene W. Wilcox and Alice A. Wilcox, his wife, believing that this law related to these paid-up policies of insurance, applied to a Special Term of the Supreme Court on or about October 1, 1913, on notice to the defendant, but on no legal or sufficient notice to the beneficiary, to have themselves substituted as the beneficiaries in place and stead of the wife. The motion was granted. After the death of Eugene W. Wilcox, which occurred on the sixth day of January, 1920, this action was brought by the substituted beneficiaries against the insurance company upon these policies. All these facts are alleged and set forth in the complaint.

The first beneficiary, the wife of Eugene W. Wilcox, since her divorce has remarried and is now known as Alice A. Lott. By petition to the Supreme Court, she also recited the facts alleged and set forth in the complaint and made specific claim to the policies as belonging to her. The numbers of the policies were given in the complaint and this petitioner alleges that the plaintiffs have no title to these policies, that they are not the beneficiaries named in the policies, that section 1761 of the Code of Civil Procedure is not retroactive so as to have any application to her, that if it be retroactive, it is unconstitutional as depriving her of her property without due process of law, and she asks that an order be made permitting her to be brought in as a party defendant to contest and establish her right to the policies.

The Special Term granted her petition and directed that she be brought in as a party defendant to this action. The Appellate Division has reversed this order stating that it did not do so in the exercise of any discretion, but on the ground that section 1761 of the Code of Civil Procedure deprived the petitioner of all interest in the policies in question and that she is not a necessary or proper party to the action.

The Appellate Division allowed an appeal to this court, certifying four questions.

I think that the Appellate Division was wrong in the first reason given for reversal. Section 1761 was not retroactive so as to apply to divorces obtained prior to its enactment. (*Jacobus* v. *Colgate*, 217 N. Y. 235; *Geneva & Waterloo Ry. Co.* v. *New York Central & Hudson River R. Co.*, 163 N. Y. 228; *Walker* v. *Walker*, 155 N. Y. 77; *New York & Oswego Midland R. Co.* v. *Van Horn*, 57 N. Y. 473), and if it were intended to be retroactive it would in our judgment be unconstitutional as depriving Mrs. Lott in this case of her vested property rights. (*Livingston* v. *Livingston*, 173 N. Y. 377; *Bradshaw* v. *Mutual Life Insurance Co.*, 205 N. Y. 567.)

As to the second ground, I think that Mrs. Lott was a proper party to be made defendant, whether the order was made under section 452 of the Code of Civil Procedure or under the new provision, section 192 of the Civil Practice Act. Section 452 of the Code of Civil Procedure, after amendment, was not confined solely to equity actions. In an action at law where a third party made claim to the specific property which was the subject of the suit, he was permitted on his own application to be made a party although the action took the form of one for a money judgment. *Bulova* v. *Barnett* (194 App. Div. 418, 424) expresses the rule in this language: " It would seem to follow from the foregoing views that where a third party claims to be the owner of a pending cause of action and that the plaintiff therein is a pretender, the former may become a party to the action and litigate the basic issue of plaintiff's right to maintain the action."

38

. That was an action brought to recover the sum of $1,416.80 upon an alleged assigned claim by the S. S. Corporation. The motion of the S. S. Corporation to intervene was made pursuant to the second paragraph of section 452 of the Code of Civil Procedure which reads: "And where a person, not a party to the action, has an interest in the subject thereof * * * and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment." The S. S. Corporation claimed that the alleged assignment to the plaintiff was void and unauthorized by the corporation and that it was the owner of the claim sued upon. It was held that the S. S. Corporation was properly made a party on its own motion and that it was interested within the provisions of this section in the subject of the action. In *Montague* v. *Jewelers & Tradesmen's Insurance Company* (44 App. Div. 224) the action was brought to recover the sum of $5,000 on a certificate of membership payable upon the death of one A. F. Flint to Henry E. Droz if at the time Flint was indebted to him. Mrs. Flint moved under section 452 of the Code of Civil Procedure for leave to be made a party defendant, alleging that her husband was not indebted to Henry E. Droz. The court said:

" The appellant insists that the instances in which section 452 of the Code of Civil Procedure has been applied to actions at law are those which have had for their subject the title to some specific property, and not the recovery of a sum of money only. That contention was disposed of by this court in the case of *Merchants' National Bank* v. *Hagemeyer* (4 App. Div. 52) where it was said: ' In a common-law action, where a money judgment only was sought, a plaintiff had the right to make defendants only such persons as were directly liable upon the contract or cause of action sued upon, and he could not be compelled to bring in any other persons. (*Chapman* v. *Forbes*, 123 N. Y. 532.) There is no inherent power in the court to introduce a third party * * * But the 2d subdivision of section 452 of the Code of Civil

Procedure has made a new rule which authorizes a third party *on his own application*, but not otherwise, to become a defendant in an action at law under certain circumstances. (*Rosenberg* v. *Salomon*, 144 N. Y. 92.) The provision of the Code referred to is as follows: 'And where a person not a party to the action has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment.'  *  *  *

" ' The section, therefore, applies to actions both at law and in equity, and the question in each case to be determined *where the party himself makes the application* is whether or not he has an interest in the subject of the action.' "

In *Rosenberg* v. *Salomon* (144 N. Y. 92) we said, *per curiam*, that a third party could be brought in under this section of the Code where the action was to recover possession of certain chattels and a third party claimed title to them.

The cases of *Brooklyn Cooperage Co.* v. *Sherman Lumber Co.* (220 N. Y. 642) and *Garrigues Co.* v. *Casualty Company of America* (220 N. Y. 588) are not in point for the reason that in these actions to recover a sum of money the parties seeking to be brought in were interested only in the result to be obtained and not in the *subject of the litigation*. In this case the defendant claims to be the owner of the policies sued upon and to have a vested property right in them. The complaint alleges what her interests had been, giving the numbers of the policies and stated that her interest has been cut off by alleged substitution effected through an order of the Supreme Court under section 1761 of the Code of Civil Procedure. Mrs. Lott claims that these allegations on the face of the complaint show her title; that she is the real beneficiary and that the plaintiffs have no rights in or to the policies. She is interested in the *subject of the action* which are the policies in suit.

Under this provision of the Code of Civil Procedure, I

think the order of the Special Term was right and should be affirmed.

But I go further, and claim that if there be any doubt about this, it has been completely removed by section 192 of the Civil Practice Act. Section 193 of this act is a repetition without change of section 452 of the Code of Civil Procedure which I have referred to above. Section 192, however, has this additional provision taken from the New Jersey and the English Practice Rules: " No action or special proceeding shall be defeated by the nonjoinder or misjoinder of parties. New. parties may be added or substituted and parties misjoined may be dropped by order of the court at any stage of the cause as the ends of justice may require." This section was entirely unnecessary if it were sought to give the power to preserve and continue equity actions where all the necessary parties were not before the court. Such could be done under section 452 of the Code of Civil Procedure, now section 193 of the Civil Practice Act. (*Gittleman* v. *Feltman,* 191 N. Y. 205.) Something else was intended by this new provision of section 192. New parties may be added by order of the court at any stage of the cause as the ends of justice may require. Does this not give to the court the power to settle litigation or a series of litigations where the same issue is to be decided and the same subject-matter is in litigation by bringing in everybody interested in. the subject-matter and in the litigation? Does it not reach out to cover just such a case as this, where two parties claim ownership to policies of insurance and the insurance company is sued or may be sued by both for the same cause of action? Is not the joinder of the parties under such circumstances in the interest of justice, and is there any reason why the court could not and should not bring all of them into the one litigation? To do so is to save time, trouble and expense without inconvenience to anybody, and without prejudicing the rights of any one.

The English Practice is found in order XVI, rule 11, White, King & Stringer's Annual Practice, 1923. It

reads: " No cause or matter shall be defeated by reason
of the misjoinder or nonjoinder of parties, and the Court
may in every cause or matter deal with the matter in
controversy so far as regards the rights and interests of
the parties actually before it.  The Court or a Judge may,
at any stage of the proceedings, either upon or without
the application of either party, and on such terms as
may appear to the Court or a Judge to be just, order that
the names of any parties improperly joined, whether as
plaintiffs or as defendants, be struck out, and that the
names of any parties, whether plaintiffs or defendants,
who ought to have been joined, or whose presence before
the Court may be necessary in order to enable the Court
effectually and completely to adjudicate upon and settle
all the questions involved in the cause or matter, be
added."  Under this English practice, the rule has been
applied to the following facts: A.cargo having been placed
by the shipowner in the custody of a warehouseman with
notice of a lien for freight under the Merchant Shipping
Act (1894, § 493) the consignees, who had no property
in the cargo, but were merely agents of the shippers for
the sale of it, in order to obtain possession of it, deposited
the amount of the freight claimed with the warehouseman
.with a notice to retain it under section 496 of the act.
The shipowner brought an action against the consignees
for a declaration of title to the money so deposited, and
an order for payment of it to him.  It was held that
there was jurisdiction under order XVI, rule 11, to order
that the shippers of the cargo should be added as defend-
ants in the action, in order that they might counter-
claim against the plaintiff damages for short delivery and
injury to cargo.  Here were separate and distinct causes
of action brought into one suit in order to facilitate in the
complete settlement and adjustment of claims arising
out of the same transaction and involving the same sum
of money.  (*Montgomery* v. *Foy, Morgan & Co.*, 2 Q. B.
[1895] at p. 321.)

In *Byrne* v. *Brown* (L. R. 22 Q. B. [1889] at p. 666)
Lord ESHER said: " One of the chief objects of the

Judicature Acts was to secure that, wherever a Court can see in the transaction brought before it that the rights of one of the parties will or may be so affected that under the forms of law other actions may be brought in respect of that transaction, the Court shall have power to bring all the parties before it, and determine the rights of all in one proceeding. It is not necessary that the evidence in the issues raised by the new parties being brought in should be exactly the same; it is sufficient if the main evidence, and the main inquiry, will be the same, and the Court then has power to bring in the new parties, and to adjudicate in one proceeding upon the rights of all the parties before it. *Another great object was to diminish the cost of litigation.* That being so, the Court ought to give the largest construction to those acts in order to carry out as far as possible the two objects I have mentioned. * * * [667]. I think that, in order to carry out the general objects of the Judicature Acts, all the parties in this case ought to be brought before the Court, so that their rights and liabilities may be determined in one action instead of in several." (All this was said of order XVI, rule 11, from which section 192 of our Civil Practice Act was taken.) The idea of the extent of this ruling may be obtained from *Bennetts & Co.* v. *McIlwraith & Co.* (L. R. 2 Q. B. [1896] at p. 464). In an action against defendants for breach of warranty of authority, it appeared that they had assumed to act as agents in entering into a charter party for loading the plaintiffs' vessel with a cargo which was not supplied. The plaintiffs, being in doubt as to whether the defendants had or had not authority, applied to add the alleged principals as defendants. It was said that the courts could join any person whose presence was necessary to effectually and completely adjudicate all the questions involved in the litigation. (See, also, *McCheane* v. *Gyles, No. 2,* [1902] 1 Ch. pp. 917, 918.)

The change which the Civil Practice Act has made in this question of joinder and the liberality which is now allowed in settling in one action claims of a like nature may be seen from the provisions of section 209 which

reads: "All persons may be joined in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist whether jointly, severally or in the alternative, where if such persons brought separate actions any common question of law or fact would arise; provided that if upon the application of any party it shall appear that such joinder may embarass or delay the trial of the action, the court may order separate trials or make such other order as may be expedient, and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled."

This suggests that where two complete strangers are injured by the same negligent act it might be possible for them to join as plaintiffs in a single action against the wrongdoer because their right to relief arises out of the same transaction.

In view of what I have here said, I have come to the conclusion that Mrs. Lott was properly made a party defendant in this action under section 192 of the Civil Practice Act, even if she should not have been joined under section 452 of the Code of Civil Procedure. The order of the Appellate Division should, therefore, be reversed and the order of the Special Term affirmed.