Harold Tessler, J.
Motion by the plaintiff to restrain pendente lite the payment by the New York City Employees’ Betirement System, hereinafter called the Betirement System, *757 of her late husband’s accumulated salary deductions and cash death benefit to the defendant Marie Dominguez Martinez. The latter moves to dismiss the complaint for legal insufficiency.
The named beneficiary of the accumulated salary deductions and the one year’s cash death benefit payable by the Retirement System is the defendant Marie Dominguez Martinez, the first wife of the decedent, from whom he obtained a judgment of divorce in the Supreme Court, County of New York, which became final on August 24, 1939. Said defendant has since remarried.
According to the complaint, the decedent entered the employ of the City of New York, Board of Transportation, in 1931 and designated said defendant, then his wife, as the beneficiary under the Retirement System’s pension fund; that the only issue of that marriage is a son, now 31 years of age; that after the decedent divorced said defendant and on August 3, 1953, he married the plaintiff and, together with her, adopted a daughter on June 24, 1954, who is now living with the plaintiff; that while still employed by the City of New York and a member in good standing of the Retirement System, the decedent died on March 15, 1961; that the Retirement System refused to provide the plaintiff with blanks upon which she might present her claim for the accumulated salary deductions of her late husband and the cash death benefit, upon the ground that same were not payable to her, but to the moving defendant whom he had designated as beneficiary.
Plaintiff further alleges that said first wife “is not entitled to the proceeds of the pension fund * * * because of having been divorced by the now deceased pensioner * * * for
her adultery”; and that the decedent “ had had the intention, both express and implied, of changing the designated beneficiary from this first divorced wife, defendant, Marie Dominguez Martinez to his present wife, now widow, the plaintiff herein, but that there is purportedly no evidence, written into the files of the defendant, City of New York, Board of Estimate, New York City Employees’ Retirement System, that such change had been made, according to its statement. That such intention was manifest in so many numerous ways, that plaintiff firmly believed that such change had been made.”
Membership in the New York City Employees’ Retirement System is a contractual relationship. (N. Y. Const., art. V, §7.) Upon the death of a member, the cash death benefit as well as the accumulated salary deductions then standing to his credit are payable to his estate or to such person as he has nominated or shall nominate by written designation duly executed and filed *758 during his lifetime. So far as can he gleaned from the complaint, the defendant Marie Dominguez Martinez, the former wife of the decedent, is the person whom he has so nominated and designated as his beneficiary, and that notwithstanding that he divorced her in 1939, he never revoked such designation nor substituted the plaintiff or anyone else.
The plaintiff concedes that “ should this case be decided strictly on the letter of the law, that judgment might conceivably be rendered for the individual defendant herein. However, in this particular set of circumstances, due to the obvious injustice that would be done otherwise, equity considerations should dictate otherwise.”
Unfortunately, upon the facts pleaded the court can find no basis warranting the application of equitable principles so as to give the widow that which under the contract is payable to the beneficiary therein named. This is not a case in which the Retirement System has paid the fund into court. (See Scanlon v. New York City Employees’ Retirement System, N. Y. L. J., June 29, 1938, p. 3134, col. 4.) Nor is it a case like Quinn v. Annese (23 N. Y. S. 2d 115), where, upon proof of the member’s intent to make a present transfer to the plaintiff of the accumulated salary deductions and the cash death benefit, and statements to that effect made in the presence of the designated beneficiary who not only acquiesced in the change but released all claims to the fund, the court upheld the oral transfer to the plaintiff as against the designated beneficiary. Other cases cited by the plaintiff do not present the fact pattern here pleaded — a mere intention by a member of the Retirement System to name his second wife beneficiary in place of his divorced wife whose designation as beneficiary he never revoked nor took steps to change.
Plaintiff relies upon section 1160 of the Civil Practice Act, pursuant to which a defendant whose marriage is dissolved because of adultery — “is not entitled to any interest in any policy of insurance on the life of the plaintiff wherein such defendant is named as a beneficiary”. Assuming that this statute supports the plaintiff’s construction thereof, notwithstanding that by its terms it is not literally applicable to the benefits from a municipal employees’ retirement system (Schuster v. City of New York, 5 N Y 2d 75; Michalowski v. Ey, 4 N Y 2d 277), and that the former wife, having been divorced on the ground of adultery by the decedent, has been deprived of all interest in said fund (Wilcox v. Mutual Life Ins. Co. of N. Y., 203 App. Div. 874, affd. without opinion 235 N. Y. 590), such construction cannot be made in the present posture of the case *759 since in no event is plaintiff personally entitled to relief. Absent a substituted beneficiary, recovery, if any, may be had solely by the decedent’s estate which is indispensible as a plaintiff.
The motion to dismiss the complaint is accordingly granted without prejudice to an action by the representative of the estate of the decedent Frank Joseph Kruze. In view of this disposition, the plaintiff’s motion for a temporary injunction must be denied without prejudice to a similar motion in such new action.