OPINION OF THE COURT
Richard F. Kuhnen, J.
Plaintiff Edith Davis, former wife of Leonard C. Davis, now deceased, and Eleanor N. Davis, his surviving wife, as administratrix of his estate, each claim to be entitled to the proceeds of a policy on his life issued by The Travelers Insurance Companies through the Civil Service Employees Association, Inc., of which decedent was a member.
The proceeds have been paid into court pending a decision as to the party entitled thereto. Each party has moved for judgment in her behalf.
*583 There is no dispute as to most of the relevant facts. Edith and Leonard Davis were married on January 15, 1944. In 1956 he obtained the group policy mentioned, designating his wife as beneficiary. On September 15, 1967, an uncontested divorce against his wife on the ground of adultery was entered in the Supreme Court of Broome County and which became final on December 15, 1967. Leonard Davis married Eleanor H. Davis on the day his divorce became final. He died on May 21, 1978, without ever changing the beneficiary on his policy although he had the right to do so.
His surviving wife claims the proceeds for his estate on the basis of section 177 of the Domestic Relations Law which provides: “Whenever the relation of husband and wife ceases by the entry of a judgment dissolving the marriage, the defendant guilty of adultery is not entitled to any interest in any policy of insurance on the life of the plaintiff wherein such defendant is named as a beneficiary and the plaintiff may apply to the court on such notice as the court may direct to be given to the defendant or the attorney who appeared for defendant in the action for divorce, and to the insurance company issuing the policy or policies, for an order directing the insurance company issuing the policy or policies to substitute therein such beneficiary as the plaintiff may nominate. In a case where it is shown that the defendant has contributed from his or her separate estate toward the payment of the premiums on such policy, the court shall grant such order on such terms as in the discretion of the court shall be equitable. This section shall also apply in like manner when the defendant obtains a final judgment against the plaintiff on a counterclaim.”
The narrow question presented is whether the statute quoted automatically cancels any interest of the adulterous beneficiary in the policy or whether the insured, if he wishes to effect a change, must apply to the court for an order directing the insurance company to substitute another named beneficiary.
Although the first sentence of the section would seem to be self-executing, read as a whole the statute seems to be only permissive and to provide that the plaintiff may apply for an order canceling any interest of the adulterous defen *584 dont in the insurance. He may not opt to do so, as is sometimes the case. Moreover, the court is of the opinion that the statute applies only where the defendant has a vested interest in the insurance upon plaintiff’s life, as by assignment or purchase, or when the designation of defendant as beneficiary is irrevocable. Where the plaintiff has the right to change the beneficiary, as here, the statute gives him nothing which he does not already possess. If he does not see fit to make the change, or neglects to do so, the defendant will still be entitled to the proceeds upon his death, and we so hold in this case.
The few reported decisions in this and other jurisdictions cited by the parties are of little or no assistance in arriving at an interpretation of the statute. The section itself was added to the Domestic Relations Law in 1962 and is derived from section 1160 of the Civil Practice Act and in turn from section 1761 of the Code of Civil Procedure, enacted in 1913. No clarifying legislative history has been found.
In Kruze v Keleher (31 Misc 2d 756, affd 16 AD2d 687) the issue was presented, but was not decided, for procedural reasons. In Wilcox v Mutual Life Ins. Co. of N. Y. (203 App Div 874, affd 235 NY 590) the adulterous wife was held not to be a necessary party, but there an order of substitution under the statute had been obtained.
Plaintiff has attempted to avoid the consequence of an interpretation that the statute is self-executing by attacking the validity of the divorce decree which was obtained against her by default in 1967. She did not commit adultery she says, but did not contest or try to vacate or to appeal the judgment and refrained from doing so in consideration of a conveyance to her by plaintiff of the marital residence and continued support. If these facts are true she accepted the conveyance and support with full knowledge of her right to attack the judgment and, in our opinion, is now estopped to do so. Nor can she do so at this late stage (CPLR 5015), nor collaterally (Tomasello Bros. v Friedman, 57 Misc 2d 817, affd- 32 AD2d 652), nor upon testimony which would be inadmissible against the estate of her now deceased husband (CPLR 4519).
It is unnecessary however to base our decision on these *585 issues as summary judgment is awarded plaintiff based solely on the failure of the insured to effect a change of beneficiary during his lifetime in a situation to which section 177 of the Domestic Relations Law, in our opinion, has no application.